1  Joseph E. Caceres, Esq. (SBN 169164)
   Charles Shamash, Esq. (SBN 178110)
2  Caceres & Shamash, LLP
   8200 Wilshire Boulevard, Suite 400
3  Beverly Hills, California 90211
   Telephone: (310) 205-3400
4  Facsimile: (310) 878-8308

5  Reorganization Counsel for
   Debtor and Debtor-In-Possession

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11

12  In re                          | Bk. No. 1:09-bk-27368-MT

13                                 | In a Case Under Chapter
    CHATSWORTH INDUSTRIAL          | 11 of the Bankruptcy Code
14  PARK, LP,                      | (11 U.S.C. § 1101 et seq.)

15                                 | **DEBTOR'S ORIGINAL DISCLOSURE
                                   | STATEMENT DESCRIBING DEBTOR'S
16                                 | ORIGINAL CHAPTER 11 PLAN**

17                                 | **Disclosure Statement Hearing**

18                                 | Date: September 30, 2010
                                   | Time: 11:00 a.m.
19                                 | Ctrm: 302
                                   |      21041 Burbank Blvd.
20                                 |      Woodland Hills, CA 91367

21                                 | **Plan Confirmation Hearing**

22                                 | Date: *To Be Determined*
                                   | Time: *To Be Determined*
23                                 | Ctrm: 302
                                   |      21041 Burbank Blvd.
24                                 |      Woodland Hills, CA 91367

25                 Debtor.

26

27  //

28  //

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| **I.** | **INTRODUCTION** . . . . . . . . . . . . . . . . . . . | | 1 |
| | A. | Purpose of This Document . . . . . . . . . . . | 1 |
| | B. | Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing . . . . . . . . . . . . . | 3 |
| | | 1. | Time and Place of the Confirmation Hearing . . . . . . . . . . . . . . . . . | 3 |
| | | 2. | Deadline for Voting For or Against the Plan . . . . . . . . . . . . . . . . . | 3 |
| | | 3. | Deadline for Objecting to the Confirmation of the Plan . . . . . . . . . . . . . . | 3 |
| | | 4. | Identity of Person to Contact for More Information Regarding the Plan . . . . . | 4 |
| | C. | Disclaimer . . . . . . . . . . . . . . . . . . | 4 |
| **II.** | **BACKGROUND** . . . . . . . . . . . . . . . . . . . | | 4 |
| | A. | Description and History of the Debtor's Business . . . . . . . . . . . . . . . . . | 4 |
| | B. | Principals/Affiliates of Debtor's Business . . . . | 5 |
| | C. | Management of the Debtor Before and After the Bankruptcy . . . . . . . . . . . . . . . . . | 5 |
| | D. | Events Leading to Chapter 11 Filing . . . . . . . | 6 |
| | E. | Significant Events . . . . . . . . . . . . . . | 7 |
| | | 1. | Bankruptcy Proceedings . . . . . . . . . . | 7 |
| | | 2. | Other Legal Proceedings . . . . . . . . . . | 9 |
| | | 3. | Actual and Projected Recovery of Preferential or Fraudulent Transfers . . . . | 10 |
| | | 4. | Procedures Implemented to Resolve Financial Problems . . . . . . . . . . . . . . | 10 |
| | | 5. | Current and Historical Financial Conditions . . . . . . . . . . . . . . . | 11 |
| **III.** | **SUMMARY OF THE PLAN OF REORGANIZATION** . . . . . . . . | | 12 |
| | A. | What Creditors and Interest Holders Will Receive Under the Proposed Plan . . . . . . . . . . | 12 |
| | B. | Unclassified Claims . . . . . . . . . . . . . | 12 |
| | | 1. | Administrative Expenses . . . . . . . . . . | 13 |
| | | 2. | Priority Tax Claims . . . . . . . . . . . | 14 |
| | C. | Classified Claims and Interests . . . . . . . . | 15 |
| | | 1. | Classes of Secured Claims . . . . . . . . | 15 |
| | | 2. | Classes of Priority Unsecured Claims . . . . | 17 |
| | | 3. | Classes of General Unsecured Claims . . . . | 17 |
| | | 4. | Class(es) of Interest Holders . . . . . . | 18 |
| | D. | Means of Effectuating the Plan . . . . . . . . . | 18 |
| | | 1. | Funding for the Plan . . . . . . . . . . . | 18 |
| | | 2. | Post-Confirmation Management . . . . . . . | 18 |
| | | 3. | Disbursing Agent . . . . . . . . . . . . | 19 |
| | | 4. | Post-Confirmation Objections to Claims. . . . | 19 |
| | E. | Risk Factors . . . . . . . . . . . . . . . . | 20 |
| | F. | Other Provisions of the Plan . . . . . . . . . | 21 |
| | | 1. | Executory Contracts and Unexpired Leases . . | 21 |
| | | | a. | Assumptions . . . . . . . . . . | 21 |
| | | | b. | Rejections . . . . . . . . . . . | 21 |
| | | 2. | Changes in Rates Subject to Regulatory Approval . . . . . . . . . . . . . . . | 21 |

i

3. Retention of Jurisdiction . . . . . . . . . 22
G. Tax Consequences of Plan . . . . . . . . . 22

**IV.  CONFIRMATION REQUIREMENTS AND PROCEDURES** . . . . . . . 22
A. Who May Vote or Object . . . . . . . . . . . . . 23
1. Who May Object to Confirmation of the
Plan . . . . . . . . . . . . . . . . 23
2. Who May Vote to Accept/Reject the Plan . . . 23
a. What is an Allowed Claim/Interest . . . 23
b. What Is an Impaired Claim/Interest . . . 24
3. Who is Not Entitled to Vote . . . . . . 24
4. Who Can Vote in More Than One Class . . . . . 25
5. Votes Necessary to Confirm the Plan . . . . . 25
6. Votes Necessary for a Class to Accept the
Plan . . . . . . . . . . . . . . . 25
7. Treatment of Nonaccepting Classes . . . . . 26
8. Request for Confirmation Despite Nonacceptance
by Impaired Class(es) . . . . . . . . . . 26
B. Liquidation Analysis . . . . . . . . . . . . . 27
C. Feasibility . . . . . . . . . . . . . . 30

**V.   EFFECTS OF CONFIRMATION OF PLAN** . . . . . . . . . 32
A. Discharge . . . . . . . . . . . . . . . 32
B. Revesting of Property in the Debtor . . . . . 32
C. Modification of Plan . . . . . . . . . . . 32
D. Post-Confirmation Status Report . . . . . . . 33
E. Quarterly Fees . . . . . . . . . . . . . 33
F. Post-Confirmation Conversion/Dismissal . . . . . 33
G. Final Decree . . . . . . . . . . . . . 35

**VI.  SUPPORTING DECLARATIONS** . . . . . . . . . . . . 36

EXHIBIT A - LIST OF ALL ASSETS . . . . . . . . . 37
EXHIBIT B - FINANCIAL STATEMENT . . . . . . . . . 38
EXHIBIT C - UNEXPIRED LEASES TO BE ASSUMED . . . . . . 39
EXHIBIT D - LIQUIDATION ANALYSIS . . . . . . . . 40
EXHIBIT E - LIST OF ADMINISTRATIVE EXPENSE CLAIMS . . . 41
EXHIBIT F - LIST OF GENERAL UNSECURED CLAIMS . . . . . 42
EXHIBIT G - LIST OF EQUITY INTERESTS. . . . . . . . . 43

# I.

## INTRODUCTION

Chatsworth Industrial Park, LP is the Debtor in this Chapter 11 bankruptcy case.  The Debtor commenced this case by filing its chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq., on December 23, 2009.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a plan of reorganization ("Plan").  The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  Chatsworth Industrial Park, LP, the Debtor, is the party proposing the Plan sent to you in the same envelope as this document.  THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.

This is a reorganizing plan.  In other words, the Proponent seeks to accomplish payments under the Plan by making payments to its allowed creditors as proposed in the Plan from the future income of its 5 adjacent industrial properties in Chatsworth, California.  The Effective Date of the proposed Plan is thirty (30) days after the confirmation order becomes final (such finality to occur on the first business day which is at least fifteen (15) days following entry of the order, assuming there has been no appeal from and/or order staying the effectiveness of the order before then).  The Debtor estimates that the Effective Date will be January 2, 2010.  The Debtor, following the Effective Date, will be referred to as the "Reorganized Debtor."

**A.    Purpose of This Document**

This Disclosure Statement summarizes what is in the Plan,

and tells you certain information relating to the Plan and the
process the Court follows in determining whether or not to
confirm the Plan.

**READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:**

    **(1)   WHO CAN VOTE OR OBJECT,**

    **(2)   WHAT THE TREATMENT OF YOUR CLAIM IS (i.e., what your claim will receive if the Plan is confirmed), AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION,**

    **(3)   THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY,**

    **(4)   WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN,**

    **(5)   WHAT IS THE EFFECT OF CONFIRMATION, AND**

    **(6)   WHETHER THIS PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights.  You should consider consulting your own lawyer to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement.  If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

The Code requires a Disclosure Statement to contain "adequate information" concerning the Plan.  The Bankruptcy Court ("Court") has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan.

1  Any party can now solicit votes for or against the Plan.

2  **B.    Deadlines for Voting and Objecting; Date of Plan**

3  **Confirmation Hearing**

4      THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS

5  DISCLOSURE STATEMENT. IN OTHER WORDS, THE TERMS OF THE PLAN ARE

6  NOT YET BINDING ON ANYONE.  HOWEVER, IF THE COURT LATER CONFIRMS

7  THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL

8  CREDITORS AND INTEREST HOLDERS IN THIS CASE.

9      **1.    Time and Place of the Confirmation Hearing**

10      The hearing where the Court will determine whether or not to

11  confirm the Plan will take place on _[a date to be determined by

12  the Court]_ , at ____ {A.M./P.M.}, in Courtroom 302, of the United

13  States Bankruptcy Court located at 21041 Burbank Blvd.,

14  Woodland Hills, 91367.

15      **2.    Deadline For Voting For or Against the Plan**

16      If you are entitled to vote, it is in your best interest to

17  timely vote on the enclosed ballot and returning the executed

18  ballot to Debtor's Counsel, as follows:

19                  Joseph E. Caceres, Esq.
                    Caceres & Shamash, LLP
20          8200 Wilshire Boulevard, Suite 400
                    Beverly Hills CA 90211
21              Phone: (310) 205-3400
                  Fax: (310) 878-8308

22

23      Your ballot must be received by _[a date to be determined by

24  the Court]_ or it will not be counted.

25      **3.    Deadline For Objecting to the Confirmation of the Plan**

26      Objections to the confirmation of the Plan must be filed

27  with the Court and served upon counsel for the Debtor at the

28  address listed on the upper left-hand corner of the first page of

1 this Disclosure Statement and on the United States Trustee at the

2 address listed on the attached proof of service by __[a date to be

3 determined by the Court]__ .

4     **4.**   **Identity of Person to Contact for More Information**

5        **Regarding the Plan**

6     Any interested party desiring further information about the

7 Plan should contact Debtor's Counsel, Joseph E. Caceres, Esq.,

8 Caceres & Shamash, LLP, 8200 Wilshire Boulevard, Suite 400,

9 Beverly Hills, CA 90211, Phone: (310) 205-3400.

10 **C.**   **Disclaimer**

11     The financial data relied upon in formulating the Plan is

12 based on the Debtor's records.  The information contained in this

13 Disclosure Statement is provided solely by Chatsworth Industrial

14 Park, LP, Debtor.  The Plan Proponent represents that everything

15 stated in the Disclosure Statement is true to the Proponent's

16 best knowledge.  The Court has not yet determined whether or not

17 the Plan is confirmable and makes no recommendation as to whether

18 or not you should support or oppose the Plan.

19                       **II.**

20                **BACKGROUND**

21 **A.**   **Description and History of the Debtor's Business**

22     The Debtor is a limited partnership.

23     The Debtor owns and operates five adjacent industrial

24 properties in Chatsworth, California located at 21026-21040

25 Nordhoff Street, 9035 Independence Avenue., 21019 Osborne Street,

26 21025 Osborne Street, and 21045-51 Osborne Street (the

27 "Chatsworth Properties").  There are a total of 7 buildings and 9

28 rental units on these properties.  The buildings are cross-

collateralized by the first trust deed of CSFB 2003-C4 Nordhoff

Limited Partnership/Keybank, NA ("CSFB/Keybank").  The

Debtor is operating these properties and collecting rents

therefrom.

Eight of the nine units are occupied although one tenant,

Works Performance, who has been there for 25 years and whose

lease expires in September 2010 has not been able to pay rent for

several months due to difficulties with its business.  The Debtor

has tolerated the non-paying tenant in the hope it will begin

paying rent again, due to its longevity in the building and prior

history of paying rent.  The Debtor has received indications from

Works Performance that it will commence paying rent again in

October 2010 due to new business it has generated.

**B.    Principals/Affiliates of Debtor's Business**

As noted above, the Debtor is a limited partnership.  Boyar

Management Corp. is the Debtor's 99% General Partner, and the

Sharon Boyar Trust is its 1% Limited Partner.  Sharon Lynne Boyar

is the President & Sole Shareholder of Boyar Management Corp.

**C.    Management of the Debtor Before and After the Bankruptcy**

The Debtor was managed before the bankruptcy by certain

management companies.  However, due to certain difficulties with

certain of those companies, Sharon Lynne Boyar has managed the

Debtor's affairs for several months before the bankruptcy and

during the bankruptcy, and will continue to do so thereafter, at

least in the short term.  Her compensation was set by the Court

at 5% of the rents.  At some point, the Debtor may formally

engage the services of CBI (a noted above, CBI is currently

serving as the Debtor's court-approved Leasing Broker in this

1  case).  CBI is familiar with the Debtor's property, having

2  assisted the Debtor in leasing its approximately 17,000 square

3  foot property at 21040 Nordhoff Street in approximately July

4  2009.  Thereafter, CBI informally assisted the Debtor with

5  property management issues, although it has not sought

6  compensation for such assistance before or during the bankruptcy.

7  **D.    Events Leading to Chapter 11 Filing**

8      Here is a brief summary of the circumstances that <u>led to the</u>

9  <u>filing</u> of this Chapter 11 case:

10     The immediate cause of the filing was that pre-petition loan

11  workout discussions with CSFB/Keybank failed to yield a positive

12  result, forcing the debtor to seek chapter 11 bankruptcy

13  protection.  The Debtor's financial problems stemmed from the

14  following events.

15     First, debtor alleges that due to issues with its bank and a

16  prior management company, the Debtor fell behind on payments to

17  Keybank.  The Debtor ultimately filed suit against both the bank

18  and the management company.  The dispute with the bank was

19  resolved in mediation, with the bank paying the Debtor a certain

20  amount of money.  The case against the management company is

21  still pending, with the management company having filed a cross-

22  complaint.  The outcome is unclear.  <u>See</u> Section {II.E.2} below

23  for more info on the matter.

24     In the meantime, the Debtor contacted CSFB/Keybank

25  immediately.  The Debtor told CSFB/Keybank its payment would be

26  late that month.  However, CSFB/Keybank did not accommodate the

27  Debtor at that time, and even refused to waive a late charge.  It

28  also refused to release funds from the escrow account that the

Debtor pays into every month for their intended purposes, such as tenant improvements, property taxes, insurance, and broker commissions (the Debtor believes this account contained well over $200,000 at the time of the petition, and much more at the current time given that the Debtor has been making payments to Keybank throughout this case, including substantial escrow payments).  This forced the Debtor to use rents for these and other costs, making the Debtor's situation worse.

Making matters worse, at one point a representative of Keybank told the Debtor to stop making payments and it would then be considered for a loan modification.  The Debtor was eventually contacted by LNR Partners on behalf of CSFB/Keybank, and the Debtor's representative actually flew to Miami to meet with them. Unfortunately, every offer made by the Debtor to resolve the problem was rejected.  Even then the Debtor managed to arrange to borrow enough money from a private party to bring all payments, including late charges, up to date, but CSFB/Keybank then added default interest and turned down the Debtor's offer.

The confluence of the above factors led to the filing of the instant chapter 11 petition.

**E.    Significant Events During the Bankruptcy**

    **1.    Bankruptcy Proceedings**

The following is a chronological list of significant events which have occurred <u>during</u> this case:

On or about December 23, 2009, the Debtor filed its chapter 11 petition in this case.  Immediately upon filing the case, the Debtor was required to address various administrative matters in his case, such as preparing and filing its schedules, and the

preparation and submission of the materials required by the Office of the United States Trustee, including, without limitation, the 7-Day Package and monthly operating reports.

On January 6, 2010 the Court entered its order setting the initial chapter 11 status conference in this case for January 26, 2010, which the Debtor attended.

On January 11, 2010 the Court entered its order granting an extension of time for the Debtor to file its schedules and related documents to January 20, 2010.  In accordance therewith, the Debtor filed its schedules and related documents on January 20, 2010.

On January 29, 2010, the Court entered its order granting the Debtor's motion to set a bar date for filing proofs of claim, and the Debtor served notice of the March 30, 2010 bar date on January 29, 2010.

On January 26, 2010, the Court conducted a hearing on the Debtor's motion for authority to use cash collateral and granted the motion at that hearing.  The Court later entered its order approving the motion on February 26, 2010, which order was signed off on by Keybank, through counsel.

On February 10, 2010, the Debtor attended the Initial Debtor Interview and Meeting of Creditors under 11 U.S.C. § 341(a) with the U.S. Trustee.

On May 17, 2010, the Court entered its order granting the Debtor's first motion for order extending exclusivity periods for filing a chapter 11 plan and obtaining acceptances of a plan.

At the status conference on June 14, 2010, the Court set a hearing on the Debtor's Disclosure Statement for September 30,

2010 at 11 a.m., and a deadline to file a Disclosure Statement and Plan of August 23, 2010.

On June 16, 2010, the Court granted the motion of Jalmar Properties, Inc., a former management company of the Debtor, for relief from stay (action in non-bankruptcy forum), to allow certain litigation pending in state court between the parties to continue. <u>See</u> Section {II.E.2} below for more info on the matter.

The Court has approved the employment of the following professionals: the Court approved the employment of Caceres & Shamash, LLP ("C & S, LLP") as Reorganization Counsel to the Debtors.  The Debtor's employment of C & S, LLP was approved by order entered January 29, 2010.  The Court also approved the employment of Henry Sanders Accountancy Corp. ("Sanders") as accountants for the estate on April 27, 2010.  Finally, the Court approved the employment of CBI Partners, Inc. ("CBI") as Leasing Broker for the Estate on June 10, 2010.  No other professionals have been employed to date.

Currently, the following significant adversary proceedings and motions are still pending: none, although the Debtor anticipates that it may file certain objections to claims.

**2.    Other Legal Proceedings**

In addition to the proceedings discussed above, the Debtor is currently involved in the following nonbankruptcy legal proceedings:

Currently, the Debtor is involved in the Jalmar litigation discussed above, for which relief from stay (action in non-bankruptcy forum), was granted to allow certain litigation

9

pending in state court between the parties to continue.  The case
essentially involves breach of contract claims by each party
against the other, and Jalmar has filed a proof of claim in this
case for $10,499.35.  There is currently a settlement conference
set in the case for August 30, 2010 and, barring settlement, it
is anticipated that trial would take place in approximately
December 2010.  The Debtor does not believe that the outcome of
the matter will significantly affect its plan either way.

### 3.   Actual and Projected Recovery of Preferential or Fraudulent Transfers

The Debtor has not filed any actions seeking to recover any
fraudulent conveyances or preferential transfers and does not
believe that any such actions exist.  The Debtor reserves all of
his rights to assert and pursue such claims and causes of action
following confirmation of the plan, and the Court shall retain
jurisdiction over the Debtor and its bankruptcy estate to
consider all such post-confirmation causes of action.

### 4.   Procedures Implemented to Resolve Financial Problems

To attempt to fix the problems that led to the bankruptcy
filing, Debtor has implemented the following procedures:

First, the Debtor continued to self-manage its property to
better control cash flow and expenditures.  In addition, Sharon
Boyar's son, Alan Smokler, has performed much of the maintenance
work on the property, ever since Ms. Boyar began managing the
property, resulting in significant savings compared to what
independent contractors would charge for the same work.  The
Debtor was able to resume full payments to CSFB/Keybank from the
outset of the case, including principal, interest, and escrow

payments, and is post-petition current on all such payments to date. During the case, the Debtor first attempted to refinance the property so as to cure the delinquencies to CSFB/Keybank, either by taking out a second trust deed or new first, and pursued such a course through multiple sources, but these efforts proved difficult due to the current economic climate. At the same time, however, it continued to consider other options such as a sale or an equity infusion, private party financing, reaching a consensual arrangement with CSFB/Keybank, or dealing with CSFB/ Keybank's claims in a plan. Due to capital gains tax ramifications the Debtor ultimately came to the conclusion that a sale would likely be infeasible. However, the Debtor's overall efforts appear to be yielding fruit, as the Debtor has been working amicably towards a consensual resolution of the case with CSFB/Keybank. As a result, it believes it has reached agreement with CSFB/Keybank on the general outlines of its plan, although certain issues regarding the ultimate amounts owed and certain credits the Debtor believes it is entitled to are still under discussion.

### 5. Current and Historical Financial Conditions

As noted above, the Debtor is continuing to self-manage its property to better control cash flow and expenditures. This has allowed the Debtor to maintain full payments to CSFB/Keybank from the outset of the case, including principal, interest, and escrow payments. The Debtor is post-petition current on all such payments to date, and has been profitable during the case. The Debtor's net post-petition income to date, after full payments to Keybank and all expenses, has averaged almost $10,000/mth., and

that is without having received any reimbursement from CSFB/

Keybank as it is entitled to for certain repairs out of its

escrow accounts, which it has been paying into every month during

this case, or any of the credits it believes it is entitled to as

discussed above.

The identity and fair market value of the estate's assets

are listed in Exhibit A.  See also the Debtor's financial history

set forth in Exhibit B, including U.S. Trustee financial

statements during the case and projections for the next three

years.  These statements have not been audited, and are based on

the Debtor's records.

**III.**

**SUMMARY OF THE PLAN OF REORGANIZATION**

**A.    What Creditors and Interest Holders Will Receive Under The**

**Proposed Plan**

As required by the Bankruptcy Code, the Plan classifies

claims and interests in various classes according to their right

to priority.  The Plan states whether each class of claims or

interests is impaired or unimpaired.  The Plan provides the

treatment each class will receive.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes;

instead they are unclassified.  They are not considered impaired

and they do not vote on the Plan because they are automatically

entitled to specific treatment provided for them in the

Bankruptcy Code.  As such, the Proponents have <u>not</u> placed the

following claims in a class.

//

1    **1.    Administrative Expenses**

2        Administrative expenses are claims for costs or expenses of

3    administering the Debtor's Chapter 11 case which are allowed

4    under Code section 507(a)(1).  The Code requires that all

5    administrative claims be paid on the Effective Date of the Plan,

6    unless a particular claimant agrees to a different treatment.

7        The following chart lists <u>all</u> of the Debtor's § 507(a)(1)

8    administrative claims and their treatment under the Plan (see

9    Exhibit E for detailed information about each administrative

10   expense claim):

| Name | Amount Owed | Treatment |
|---|---|---|
| Caceres & Shamash, LLP ("C & S, LLP"), Debtor's Reorganization Counsel | $25,000.00 (est. after retainer remaining on pet. date; less any interim fees as may be paid) | Paid in full on Effective Date (after Court approval of Fee Application), unless claimant agrees to a different treatment. |
| Henry Sanders Accountancy Corp. ("Sanders"), Debtor's Accountant | $15,000.00 (est.; less any interim fees as may be paid) | Paid in full on Effective Date (after Court approval of Fee Application), unless claimant agrees to a different treatment. |
| CBI Partners, Inc. ("CBI"), Debtor's Leasing Broker | $0.00 (estimated at zero on E-Date as commissions to be paid as earned from new leases) | Paid in full on Effective Date (after Court approval of Fee Application), unless claimant agrees to a different treatment. |
| Clerk's Office Fees | $0 (est.) | Paid in full on Effective Date |
| Office of the U.S. Trustee Quarterly Fees | $1,950 (est.) | Paid in full on Effective Date |
| **TOTAL** | $41,950.00 (est.) | |

<u>Court Approval of Fees Required:</u>

The Court must rule on all fees listed in this chart before the fees will be owed.  For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.  The debtor will also pay all post-confirmation quarterly fees due to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) until the case is dismissed, converted, or closed.

As indicated above, the Debtor will need to pay about $41,950.00 worth of administrative claims on the Effective Date of the Plan unless the claimants have agreed to a different treatment or the Court has not yet ruled on the claim.  As indicated elsewhere in this Disclosure Statement, Debtor will have approximately $70,000.00 of cash on hand on the Effective Date of the Plan.  The source of this cash will be from the ongoing proceeds of the Debtor's operations.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period ending not later than five years after the date of the order for relief, unless the claimant has agreed to a different treatment.

Priority tax claims under § 507(a)(8) and their treatment under the Plan are set forth in the following chart:

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| ● Name = Franchise Tax Board<br>● Type of Tax = minimum franchise tax for period ended 12/31/09 as per filed proof of claim | $800.00 | ● Pymt interval | =Lump Sum on Effective Date (or as soon as practicable thereafter), unless previously paid |

## C.   Classified Claims and Interests

### 1.   Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate.  The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment:

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | **Secured Claim of:** CSFB 2003-C4 Nordhoff Limited Partnership / Keybank<br><br>**Collateral Description:** Chatsworth Properties as described elsewhere in this Disclosure Statement (see page 4)<br><br>**Collateral Value:** Approx. $12,000,000<br><br>**Priority of Security Int.:** First Priority<br><br>**Maturity Date:** August 2013<br><br>**Principal Owed:** Allegedly $7,101,257.32 on petition date per CSFB/Keybank POC<br><br>**Pre-Pet. Arrearage Amount:** Allegedly $293,281.57 on petition date per CSFB/Keybank POC (not inc. default interest, late fees or other charges)<br><br>**Post-Pet. Arrearage Amount:** None | N | Impaired: Claims in this class are entitled to vote on the Plan | **\*\*Treatment of Lien:** The lien to which the Class 1 Claimholder is entitled shall remain in place and unaltered by the Plan.<br><br>**\*\*No Modification of Existing Note and TD:** The terms of the original Note and Deed of Trust shall be left unmodified by the Plan (but this shall not be construed to affect the cure provisions below). Any defenses, counterclaims, rights of offset or recoupment of the Debtor or Estate with respect to the Claim, Note, or Deed of Trust of the Class 1 claimholder shall vest in, and inure to the benefit of, the Reorganized Debtor.<br><br>**\*\*Ongoing Payments:** To be paid monthly per terms of existing Note and Deed of Trust at non-default contract rate of interest.<br><br>**\*\*Cure of Arrears/Defaults:** (i) Arrears in the amount of $293,281.57 shall be cured in 32 equal monthly installments of $9,165.05 per month beginning on the Effective Date and continuing every 30 days thereafter until August 2013, subject to revision of figures by agreement with claimholder or via objection to claim or motion for accounting, whether pre or post-confirmation, and/or due to application of any credits the Debtor may be entitled to; (ii) Arrears may be prepaid in whole or in part at any time without pre-payment penalty, and, in the case of partial prepayment, the Debtor shall be entitled to reduce the remaining monthly payments on the arrears so as to complete the cure of the amount then still owing within the 32 month period described above, payments to remain equal; (iii) Any and all non-monetary defaults shall be deemed cured and waived on the Effective Date; (iv)The treatment hereunder with respect to arrears and/or defaults on the Note and/or Deed of Trust shall be without recognition of any default rate of interest or other penalty, late fee or other charge, such that any default interest or other penalty, late fee or other charge shall be deemed cured and waived on the Effective Date; and (v) Upon the Effective Date, no default shall exist, and the Note shall be reinstated to its original maturity date as it existed before any default |

## 2.    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

None – The Debtor is not aware of any claims that would qualify as priority unsecured claims under the above Sections.

## 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims (see Exhibit F for detailed information about each general unsecured claim):

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| **2** | Allowed General unsecured claims<br><br>**Total amt of allowed claims = <u>$95,561.69 or less</u> depending on outcome of any objections to claims | Impaired: Claims in this class are entitled to vote on the Plan | **Pymt interval:** | =Equal monthly payments for 60 months |
| | | | **Pymt amt/interval:** | =Up to $1,592.70 per month |
| | | | **Begin Date:** | 60 days after effective date |
| | | | **End Date:** | 59 mths after 1st payment |
| | | | **Interest rate %** | = 0.00 |
| | | | **Total payout $$** | = Up to $95,561.69 |
| | | | **Total payout %** | = 100% |

### 4.   Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders (see Exhibit G for more detailed information about each interest holder).

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|-----------|
| **3** | Interest Holders | Not Impaired: Claims in this class are not entitled to vote on the Plan, class is deemed to have accepted Plan | Retain Interests |

## D.   Means of Effectuating the Plan

### 1.   Funding for the Plan

The Plan will be funded by the following: As noted above, the plan will be funded by the Debtor's income from its ongoing operations.

### 2.   Post-confirmation Management

As set forth above, Sharon Boyar will continue to manage the Debtor's affairs post-confirmation; she is the President & Sole Shareholder of Boyar Management Corp., which is the Debtor's 99% General Partner, and the Sharon Boyar Trust is its 1% Limited Partner.  Her post-petition compensation has been 5% of rents, and it is anticipated to remain the same post-confirmation.  At

1    some point, the Debtor may formally engage the services of CBI

2    (currently serving as the Debtor's court-approved Leasing Broker

3    in this case).   CBI is familiar with the Debtor's property,

4    having assisted the Debtor in leasing its approximately 17,000

5    square foot property at 21040 Nordhoff Street in approximately

6    July 2009.   Thereafter, CBI informally assisted the Debtor with

7    property management issues, although it has not sought

8    compensation for such assistance before or during the bankruptcy.

9        **3.    Disbursing Agent**

10       The Debtor will serve as its own disbursing agent for the

11   purpose of making all distributions provided for under the Plan.

12   The Disbursing Agents shall serve without bond and shall receive

13   no compensation for distribution services rendered and expenses

14   incurred pursuant to the Plan.

15       **4.    Post-Confirmation Objections to Claims**

16       The Debtor or the Reorganized Debtor, as the case may be,

17   may file objections to all claims which are inconsistent with the

18   Debtor's records and information unless the Debtor deems the

19   inconsistency to be insignificant.   Following confirmation, the

20   Debtor or the Reorganized Debtor will have the authority, in its

21   sole discretion, to settle or compromise any claim without

22   further notice or Court approval.   The Debtor or the Reorganized

23   Debtor, as the case may be, will have the authority to file such

24   objections to claims following the confirmation of the Plan, and

25   the Court shall retain jurisdiction over the Debtor, the

26   Reorganized Debtor and the Case to resolve such objections to

27   claims following the confirmation of the Plan.

28       In the event the Debtor disputes the allowance, in whole or

1   in part, of any class 2 general unsecured claim on or after the

2   Effective Date, the Debtor will place into a segregated account

3   that amount of money, if any, which would have been distributed

4   to such class 2 claim holder at such time, had such class 2 claim

5   been allowed in the amount asserted by such class 2 claim holder

6   (in the case of monthly distributions such claim holder's monthly

7   distribution(s) shall be placed into such segregated account

8   monthly at the same time monthly distributions are made to

9   undisputed allowed unsecured claims).  If the Debtor or

10  Reorganized Debtor ultimately objects to a class 2 claim and

11  prevails in whole, the Debtor may place any segregated funds

12  applicable to that claim into its general account.  If the Debtor

13  or Reorganized Debtor ultimately objects to a class 2 claim and

14  prevails in part or does not prevail, then distributions shall be

15  made to said claimant based on the allowed amount of its claim,

16  pursuant to the treatment set forth herein and in the plan for

17  class 2.  The Debtor or the Reorganized Debtor shall be required

18  to file all objections to class 2 claims within sixty days

19  following the Effective Date.

20  **E.    Risk Factors**

21      The proposed Plan has the following risks:

22      As payments under the plan are being made from ongoing

23  income, the risks under the plan are as they would be for any

24  other real estate Debtor, that is, that due to the economic

25  climate now or in the future, the Debtor could lose tenants and,

26  if unable to replace them quickly enough, its financial

27  projections may not be realized, causing an inability to make

28  payments.

**F.    Other Provisions of the Plan**

 **1.    Executory Contracts and Unexpired Leases**

  **a.    Assumptions**

  The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit C for more detailed information on unexpired leases to be assumed): The Debtor will assume the following seven tenant leases - Zero Tolerance Ent. (9035 Independence); PTM, Inc. (21051 Osborne); Viaquest, Inc. (21026 Nordhoff); Surplus Sourcing (21040 Nordhoff); CP Films (21019 Osborne); CP Films (21025 Osborne); and Challenge Motorsports/ L.A. Wheel (21021 Osborne).

  On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section {I.B.3.} of this document for the specific date.

  **b.    Rejections**

  On the Effective Date, the following executory contracts and unexpired leases will be rejected: none.

 **2.    Changes in Rates Subject to Regulatory Commission Approval**

  The Debtor is not subject to governmental regulatory commission approval of any rates.

### 3.    Retention of Jurisdiction.

The Court will retain jurisdiction to the extent provided by law.  See also Section {III.D.4.} above regarding post-confirmation objections to claims.

### G.    Tax Consequences of Plan

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues this Plan may present to the Debtor.  The Proponent CANNOT and DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

The Debtor does not believe that confirmation of the Plan will result in any tax consequences to the Debtor.

### IV.

### CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OR THIS PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims. The proponent CANNOT and DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a

1  Plan.  Some of the requirements include that the Plan must be

2  proposed in good faith, acceptance of the Plan, whether the Plan

3  pays creditors at least as much as creditors would receive in a

4  Chapter 7 liquidation, and whether the Plan is feasible.  These

5  requirements are <u>not</u> the only requirements for confirmation.

6  **A.    Who May Vote or Object**

7     **1.    Who May Object to Confirmation of the Plan**

8     Any party in interest may object to the confirmation of the

9  Plan, but as explained below not everyone is entitled to vote to

10 accept or reject the Plan.

11    **2.    Who May Vote to Accept/Reject the Plan**

12    A creditor or interest holder has a right to vote for or

13 against the Plan if that creditor or interest holder has a claim

14 which is both (1) allowed or allowed for voting purposes and (2)

15 classified in an impaired class.

16         **a.    What Is an Allowed Claim/Interest**

17    As noted above, a creditor or interest holder must first

18 have an <u>allowed claim or interest</u> to have the right to vote.

19 Generally, any proof of claim or interest will be allowed, unless

20 a party in interest brings a motion objecting to the claim.  When

21 an objection to a claim or interest is filed, the creditor or

22 interest holder holding the claim or interest cannot vote unless

23 the Court, after notice and hearing, either overrules the

24 objection or allows the claim or interest for voting purposes.

25    THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE WAS

26 March 30, 2010.  A creditor or interest holder may have an

27 allowed claim or interest even if a proof of claim or interest

28 was not timely filed.  A claim is deemed allowed if (1) it is

scheduled on the Debtor's schedules and such claim is not
scheduled as disputed, contingent, or unliquidated, and (2) no
party in interest has objected to the claim.  An interest is
deemed allowed if it is scheduled and no party in interest has
objected to the interest.  Consult Exhibits E through G to see
how the Proponent has characterized your claim or interest.

### b.    What Is an Impaired Claim/Interest

As noted above, an allowed claim or interest only has the
right to vote if it is in a class that is _impaired_ under the
Plan.  A class is impaired if the Plan alters the legal,
equitable, or contractual rights of the members of that class.
For example, a class comprised of general unsecured claims is
impaired if the Plan fails to pay the members of that class 100%
of what they are owed.

In this case, the Proponent believes that classes 1-2 are
impaired and that holders of claims in each of these classes are
therefore entitled to vote to accept or reject the Plan. The
Proponent believes that class 3 is unimpaired and that holders of
claims in this class therefore do not have the right to vote to
accept or reject the Plan, as such class is deemed to have
accepted the Plan.  Parties who dispute the Proponent's
characterization of their claim or interest as being impaired or
unimpaired may file an objection to the Plan contending that the
Proponent has incorrectly characterized the class.

### 3.    Who is __Not__ Entitled to Vote

The following four types of claims are _not_ entitled to vote:
(1) claims that have been disallowed; (2) claims in unimpaired
classes; (3) claims entitled to priority pursuant to Code

sections 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any value under the Plan.  Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Code sections 507(a)(1), (a)(2), and (a)(7) are not entitled to vote because such claims are not placed in classes and they are required to receive certain treatment specified by the Code.  Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan.  EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

### 4.    Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

### 5.    Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting classes, as discussed later in Section {IV.A.8.}.

### 6.    Votes Necessary for a Class to Accept the Plan

A class of claims is considered to have accepted the Plan when more than one-half (½) in number and at least two-thirds

(2/3) in dollar amount of the claims which actually voted, voted

in favor of the Plan.  A class of interests is considered to have

accepted the Plan when at least two-thirds (2/3) in amount of the

interest-holders of such class which actually voted, voted to

accept the Plan.

### 7.    Treatment of Nonaccepting Classes

As noted above, even if <u>all</u> impaired classes do not accept

the proposed Plan, the Court may nonetheless confirm the Plan if

the nonaccepting classes are treated in the manner required by

the Code.  The process by which nonaccepting classes are forced

to be bound by the terms of the Plan is commonly referred to as

"cramdown."  The Code allows the Plan to be "crammed down" on

nonaccepting classes of claims or interests if it meets all

consensual requirements except the voting requirements of

1129(a)(8) and if the Plan does not "discriminate unfairly" and

is "fair and equitable" toward each impaired class that has not

voted to accept the Plan as referred to in 11 U.S.C. § 1129(b)

and applicable case law.

### 8.    Request for Confirmation Despite Nonacceptance by
###        Impaired Class(es)

The party proposing this Plan will ask <u>the Court</u> to confirm

this Plan by cramdown on the following impaired classes 1 and 2

if any of these classes do not vote to accept the Plan.

Please note that the proposed Plan treatment described by

this Disclosure Statement <u>cannot</u> be crammed down on the following

classes: none.  AS A RESULT, IF ANY OF THESE CLASSES DOES <u>NOT</u>

VOTE TO ACCEPT THE PLAN, THE PLAN WILL <u>NOT</u> BE CONFIRMED.

//

**B.    Liquidation Analysis**

Another confirmation requirement is the "Best Interest Test", which requires a liquidation analysis.  Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee.  Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next.  Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority.  Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims.  Finally, interest holders receive the balance that remains after all creditors are paid, if any.

For the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation.  The Plan Proponent maintains that this requirement is met here because unsecured creditors are being paid 100% over time, and in chapter 7 would receive nothing.

Below is a demonstration, in balance sheet format, that all creditors and interest holders will receive at least as much

1  under the Plan as such creditor or interest holder would receive

2  under a Chapter 7 liquidation.  (See Exhibit D for a detailed

3  explanation of how the following assets are valued.  This

4  information is provided by the Debtor).

5  //

6  //

7  //

8  //

9  //

10 //

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

```
ASSETS VALUE AT LIQUIDATION VALUES:

CURRENT ASSETS
a.    Cash on hand                          $     45,504
b.    Accounts receivable                   $          0
c.    Inventories                           $          0
      TOTAL CURRENT ASSETS                  $     45,504

FIXED ASSETS
a.    Office Furniture & equipment          $          0
b.    Machinery & equipment                 $          0
c.    Automobiles                           $          0
d.    Building & Land                       $12,000,000
      TOTAL FIXED ASSETS                    $12,045,504

OTHER ASSETS
a.    Customer list                         $          0
b.    Other intangibles - Jalmar Litigation[1]  $   Unknown
      TOTAL OTHER ASSETS                    $          0
```

**TOTAL ASSETS AT LIQUIDATION VALUE**                       $          0
                                                            ===========

**Less:**
Secured creditor's recovery                  $ 8,950,000
(inc. prepayment penalty)
**Less:**
Costs of Sale of Real Property               $   960,000
(est. @ 8%)
**Less:**
Capital Gains Taxes                          $ 2,275,000
(based on $3m basis & total 35% tax (15-20%
fed; 10% fed recapture tax; and 10% state))
**Less:**
Chapter 7 trustee fees and expenses          $   508,250
(inc. professionals employed by trustee)
**Less:**
Chapter 11 administrative expenses           $    41,950
**Less:**
Priority claims,                             $       800
excluding administrative expense claims
**Less:**                                    $         0
Debtor's claimed exemptions
                                             ===========
 (1) Balance for unsecured claims            $ <690,496>

 (2) Total amt of unsecured claims           $    95,562

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE
      OR RETAIN IN A CH. 7 LIQUIDATION: =      0%**
**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WILL RECEIVE
      OR RETAIN UNDER THIS PLAN:        =     100%**

---

[1]Due to the completely speculative nature of litigation, it is
impossible to value this asset.

29

Below is a demonstration, in tabular format, that all creditors and interest holders will receive at least as much under the Plan as such creditor or holder would receive under a Chapter 7 liquidation.

| CLAIMS & CLASSES | PAYOUT PERCENTAGE UNDER THE PLAN | PAYOUT PERCENTAGE IN CHAPTER 7 LIQUIDATION |
|---|---|---|
| Ch. 11 Administrative Claims | 100% | 0% |
| Class 1 - CSFB / Keybank | 100% | 100% |
| Class 2 - General Unsecured | 100% | 0% |
| Class 3 - Interest Holders | retain interests | unclear what property would be retained |

## C.    Feasibility

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two important aspects of a feasibility analysis. The first aspect considers whether the Debtors will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date.  The Plan Proponents maintain that this aspect of feasibility is satisfied as illustrated here:

//

//

//

//

Cash Debtors will have on hand by Effective Date    $  70,000

**To Pay:** Administrative claims      - <41,950>

**To Pay:** Statutory costs & charges      - <    0>

**To Pay:** Other Plan Payments due      - < 9,965>
         on Effective Date

Balance after paying these amounts............... $  18,085

    The sources of the cash Debtor will have on hand by the Effective Date, as shown above are:

| | |
|---|---|
| $ 45,000 | Cash in DIP Account now |
| + 25,000 | Additional cash DIP will accumulate from net earnings between now and Effective Date |
| +    0 | Borrowing |
| +    0 | Capital Contributions |
| +    0 | Other |
| $ 70,000 | **Total** |

    The second aspect considers whether the Proponent will have enough cash over the life of the Plan to make the required Plan payments.

    The Proponent has provided financial statements which include projected financial information. Please refer to Exhibit B for the relevant financial statements.  YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL STATEMENTS.

    In summary, the Plan proposes to pay up to $10,757.75 each month.  As Debtor's financial projections demonstrate, Debtor will have an average cash flow, after paying operating expenses and post-confirmation taxes, of [to follow] each month for the life of the Plan.  The final Plan payment is expected to be paid in August 2013 to CSFB/Keybank and in February 2016 to unsecured

creditors.  The Plan Proponent contends that Debtor's financial

projections are feasible.  Debtor's average monthly cash flow,

after paying operating expenses and post-confirmation taxes,

during the bankruptcy case is almost $10,000, and that is without

having received any reimbursement from CSFB/Keybank as it is

entitled to for certain repairs out of its escrow accounts, which

it has been paying into every month during this case.

Furthermore, as discussed earlier in the Disclosure Statement at

Section {II.E.4}, Debtor has implemented procedures to decrease

costs.  Finally, to the extent necessary to allow the Debtor to

make the payments called for under the Plan, Sharon Boyar and/or

her son Alan Smokler will reduce or forego their compensation,

which has collectively averaged between six and seven thousand

dollars per month during the case.

**V.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge**

The Plan provides that upon confirmation of the Plan, Debtor

shall be discharged of liability for payment of debts incurred

before confirmation of the Plan, to the extent specified in 11

U.S.C. § 1141.  However, the discharge will not discharge

any liability imposed by the Plan.

**B.    Revesting of Property in the Debtor**

Except as provided in Section {V.F.}, and except as provided

elsewhere in the Plan, the confirmation of the Plan revests all

of the property of the estate in the Debtor.

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time

before confirmation.  However, the Court may require a new
disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan
at any time after confirmation only if (1) the Plan has not
been substantially consummated <u>and</u> (2) the Court authorizes the
proposed modifications after notice and a hearing.

**D.   Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the
Plan, Plan Proponent shall file a status report with the Court
explaining what progress has been made toward consummation of the
confirmed Plan.  The status report shall be served on the United
States Trustee, the twenty largest unsecured creditors, and those
parties who have requested special notice. Further status reports
shall be filed every 120 days and served on the same entities.

**E.   Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date
of confirmation shall be paid to the United States Trustee on or
before the effective date of the plan.  Quarterly fees accruing
under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to
the United States Trustee in accordance with 28 U.S.C. §
1930(a)(6) until entry of a final decree, or entry of an order
of dismissal or conversion to chapter 7.

**F.   Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to
convert or dismiss the case under § 1112(b), after the Plan is
confirmed, if there is a default in performing the Plan.  If the
Court orders the case converted to Chapter 7 after the Plan is
confirmed, then all property that had been property of the

1  chapter 11 estate, and that has not been disbursed pursuant to

2  the Plan, will revest in the Chapter 7 estate.  The automatic

3  stay will be reimposed upon the revested property, but only to

4  the extent that relief from stay was not previously authorized by

5  the Court during this case.

6       The order confirming the Plan may also be revoked under very

7  limited circumstances. The Court may revoke the order if the

8  order of confirmation was procured by fraud and if the party in

9  interest brings an adversary proceeding to revoke confirmation

10 within 180 days after the entry of the order of confirmation.

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1  **G.   Final Decree**

2        Once the estate has been fully administered as referred to

3  in Bankruptcy Rule 3022, the Plan Proponent, or other party as

4  the Court shall designate in the Plan Confirmation Order, shall

5  file a motion with the Court to obtain a final decree to close

6  the case.

7  Dated: August 22, 2010      CHATSWORTH INDUSTRIAL PARK, L.P.,
                               Debtor and Debtor-in Possession
8

9        _____

10                             By: Sharon Boyar, President of Boyar
                               Management Corp., Debtor's Gen. Partner
11

12                             CACERES & SHAMASH, LLP

13                             /s/ Joseph E. Caceres
                               _____
14                             By: Joseph E. Caceres, Esq.
                               Attorneys for Plan Proponent

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SHARON LYNNE BOYAR

I, Sharon Lynne Boyar, do hereby declare as follows:

    1.    I am the President and sole shareholder of Boyar Management Corp., the Debtor's General Partner.  As the Debtor's principal and manager, I am  familiar with its finances and situation.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

    2.    I make this declaration in support of this Disclosure Statement which describes the Debtor's Plan of Reorganization.

    3.    To the best of my knowledge, information, and belief, all of the information contained in the Disclosure Statement is truthful and accurate.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 22, 2010 at Beverly Hills, California.

Sharon Lynne Boyar
Sharon Lynne Boyar

## EXHIBIT A – LIST OF ALL ESTATE ASSETS

- <u>Real Property</u>: The Debtor owns and operates five adjacent industrial properties in Chatsworth, California located at 21026-21040 Nordhoff Street, 9035 Independence Avenue., 21019 Osborne Street, 21025 Osborne Street, and 21045-51 Osborne Street (the "Chatsworth Properties").  There are a total of 7 buildings and 9 rental units on these properties.  The Debtor estimates the value of the Chatsworth Properties at approximately $12,000,000.

- <u>Cash on Hand</u>: Debtor's cash on hand is approximately $45,000 as of the current time, and projected to be about $70,000 as of the effective date as set forth in Section {IV.C} of this document.

- <u>Other Intangible Assets</u>: Jalmar litigation.  Due to the completely speculative nature of litigation, it is impossible to value this asset.

## EXHIBIT B – FINANCIAL STATEMENTS

The Debtor's monthly U.S. Trustee operating reports for every month during this case are attached hereto.  Projected financial statements for the first three years of the Plan will be submitted hereafter.  This information is supplied by the Debtor and is based on the Debtor's records.

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

Type: bk                    Chapter: 11 v              Office: 1 (San Fernando Valley)
Assets: y                   Judge: MT                  Case Flag: PlnDue, DsclsDue


### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 3/4/2010 at 3:36 PM PST and filed on 3/4/2010

**Case Name:**          Chatsworth Industrial Park, LP
**Case Number:**        1:09-bk-27368-MT
**Document Number:** 35

**Docket Text:**
Monthly Operating Report. Operating Report Number: 2. For the Month Ending 1/31/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\CIP-MOR-1-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/4/2010] [FileNumber=32420842-0
] [2adf0689cc55195b55251b3244c894485d3179f2fd813b849f16be221b365969e58
9366b519c17ed2b426f4b2d40c1bfda6880b139ff997e181ced46101c0e8e]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

Caceres & Shamash, LLP
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number:  09-27368-MT<br>Operating Report Number:  2<br>For the Month Ending:  1/31/2010 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS        503.58

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL        0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:        503.58

4.  RECEIPTS DURING CURRENT PERIOD:
Accounts Receivable - Post-filing
Accounts Receivable - Pre-filing
General Sales
Other (Specify)
**Other (Specify)

TOTAL RECEIPTS THIS PERIOD:        0.00

5.  BALANCE:        503.58

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
Transfers to Other DIP Accounts (from page 2)        0.00
Disbursements (from page 2)        0.00

TOTAL DISBURSEMENTS THIS PERIOD:***        0.00

7.  ENDING BALANCE:        503.58

8.  General Account Number(s):        xxxxx5102

Depository Name & Location:        City National Bank
Beverly Hills, CA

*    All receipts must be deposited into the general account.
**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
      to whom, terms, and date of Court Order or Report of Sale.
***This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____1/29/2010_____ Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT | 0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS: | 0.00

Bank statement Adjustments: _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE: | $503.58

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS                0.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT                 0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                                   0.00

4.  RECEIPTS DURING CURRENT PERIOD:                                100,417.18
    (Rents from Chatsworth Properties)

5.  BALANCE:                                                       100,417.18

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                             70,641.24

7.  ENDING BALANCE:                                                 29,775.94

8.  CASH COLLAT Account Number(s):            xxxxx5374

    Depository Name & Location:               City National Bank
                                              Beverly Hills, CA

## TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 1/6/2010 | Elect | City National Bank | Check order charge | 128.90 |
| 1/7/2010 | Elect | City National Bank | Over draft fee for preauth debit | 29.00 |
| 1/15/2010 | 1001 | Key Bank | payment plus late fee for 01/2010 | 70,483.34 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 70,641.24 |

CASH COLLAT ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____1/29/2010_____   Balance on Statement: _____$29,775.94_____

Plus deposits in transit (a):

|  | Deposit Date | Deposit Amount |
|---|---|---|
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                                                      0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                                                   0.00

Bank statement Adjustments:                                        _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                           $29,775.94

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT)  - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS    _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX    _____
ACCOUNT REPORTS

3.  BEGINNING BALANCE:    | 0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:    _____
    (Transferred from General Account)

5.  BALANCE:    | 0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***    | 0.00 |

7.  ENDING BALANCE:    | 0.00 |

8.  TAX Account Number(s):    _____

    Depository Name & Location:    _____
    _____
    _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 |

TAX ACCOUNT

# BANK RECONCILIATION

Bank statement Date: ___N/A___          Balance on Statement: _____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                    | 0.00 |

Bank statement Adjustments:                                  _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                       | $0.00 |

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. D SUMMARY SCHEDULE OF CASH

## ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 29,775.94 |
| Tax Account: | |

*Other Accounts:

*Other Monies:

| | |
|---|---|
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**                    30,279.52

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
| | | |

**TOTAL PETTY CASH TRANSACTIONS:**                    0.00

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
\*\* Attach Exhibit Itemizing all petty cash transactions

II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 |  |  | 325.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  | 325.00 |  |  | 0.00 | 325.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII.  SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 2/26/10 (hrng 1/26/10) | 5% of gross rents | 0.00 |
| Alan Smokler | 2/26/10 (hrng 1/26/10) | $2,000/mth | 0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-BALANCE SHEET
(ACCRUAL BASIS ONLY)

| | Current Month End | |
|---|---|---|
| **ASSETS** | | |
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| Total Current Assets | _____ | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | | 0.00 |
| **TOTAL ASSETS** | | 0.00 |
| | | |
| **LIABILITIES** | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | | 0.00 |
| **TOTAL LIABILITIES** | | 0.00 |
| | | |
| **EQUITY:** | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| **TOTAL EQUITY** | | 0.00 |
| **TOTAL LIABILITIES & EQUITY** | | 0.00 |

|     |                                                                                                                                                                                                                                          | No | Yes |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|-----|
| 1.  | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below:                                                                                    | X  |     |

|     |                                                                                                                                                                                                                                          | No | Yes |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|-----|
| 2.  | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below:                        | X  |     |

3. State what progress was made during the reporting period toward filing a plan of reorganization
Debtor complied with UST requirements; obtained court authority for use of cash collateral; began looking into possible refinance of property

4. Describe potential future developments which may have a significant impact on the case:
Refinance of Chatsworth Properties would have significant impact on estate
5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|     |                                                                                                                                                                                                                                          | No | Yes |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|-----|
| 6.  | Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below.                                                                      | X  |     |

I, Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

3-4-/0
Date

Page 16 of 16

Principal for debtor-in-possession

**Miscellaneous:**

1:09-bk-27368-MT Chatsworth Industrial Park, LP

Type: bk                        Chapter: 11 v                    Office: 1 (San Fernando Valley)
Assets: y                       Judge: MT                        Case Flag: PlnDue, DsclsDue


**U.S. Bankruptcy Court**

**Central District Of California**

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 3/30/2010 at 11:38 AM PDT and filed on 3/30/2010

**Case Name:**          Chatsworth Industrial Park, LP
**Case Number:**        1:09-bk-27368-MT
**Document Number:** 36

**Docket Text:**
Monthly Operating Report. Operating Report Number: 3. For the Month Ending 02/28/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\CIP-MOR-2-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/30/2010] [FileNumber=33166372-0] [8a6d8e20cf7b084da359c4b762bf038eb1057b61a0b82ab2ab0defc56e9230d499 fbdc794d87e42b697aa5ec9d582aeee9680a46cbda080f5586cde0abcacd5]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

Caceres & Shamash, LLP
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:        09-27368-MT<br>Operating Report Number:     3<br>For the Month Ending:    2/28/2010 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS        503.58

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL        0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:        503.58

4.  RECEIPTS DURING CURRENT PERIOD:
    Accounts Receivable - Post-filing
    Accounts Receivable - Pre-filing
    General Sales
    Other (Specify)
    **Other (Specify)

    TOTAL RECEIPTS THIS PERIOD:        0.00

5.  BALANCE:        503.58

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)        0.00
    Disbursements (from page 2)        0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***        0.00

7.  ENDING BALANCE:        503.58

8.  General Account Number(s):        xxxxx5102

    Depository Name & Location:        City National Bank
                                       Beverly Hills, CA

---

\*    All receipts must be deposited into the general account.
\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
      to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____2/26/2010_____   Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                        | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                       | 0.00 |

Bank statement Adjustments:                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                          | $503.58 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS          100,417.18

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT          70,641.24
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                            29,775.94

4.  RECEIPTS DURING CURRENT PERIOD:                               88,916.30
    (Rents from Chatsworth Properties)

5.  BALANCE:                                                     118,692.24

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                           86,246.30

7.  ENDING BALANCE:                                               32,445.94

8.  CASH COLLAT Account Number(s):          xxxxx5374

    Depository Name & Location:             City National Bank
                                            Beverly Hills, CA

# TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 2/1/2010 | 1003 | Sharon Boyar | 5% of rents for Jan. | 5,020.86 |
| 2/1/2010 | 1004 | Alan Smokler | 1/10 pay | 2,000.00 |
| 2/1/2010 | 1005 | Void | Void | 0.00 |
| 2/3/2010 | 1006 | Key Bank | payment Feb. | 67,126.99 |
| 2/4/2010 | 1007 | U.S. Trustee | U.S. Trustee quarterly fees (1st Q 2009) | 325.00 |
| 2/8/2010 | 1008 | Sharon Boyar | 5% of rent payed for 2/10 to date | 4,221.02 |
| 2/8/2010 | 1009 | Alan Smokler | 2/10 pay | 2,000.00 |
| 2/8/2010 | 1010 | Void | Void | 0.00 |
| 2/9/2010 | 1011 | Pinion Asphalt Paving | repair paving outside 21021 Osborne st | 950.00 |
| 2/9/2010 | 1012 | Cronw disposal | trash removal | 548.54 |
| 2/12/2010 | 1013 | Void | Void | 0.00 |
| 2/13/2010 | 1014 | Home Depot | sprinkler pipe and landscaping | 925.93 |
| 2/13/2010 | 1015 | Guy Amburgey | install sprinklers and repair pipe | 650.00 |
| 2/19/2010 | 1016 | Cal. Sec of State | LP1 certificate ordered for DIP bank | 40.00 |
| 2/20/2010 | 1017 | Sharon Boyar | 5% of balance for 2/10 rents | 224.80 |
| 2/22/2010 | 1018 | Charistine Wise Agency | balance owed on Ins. Umbrella | 60.00 |
| 2/22/2010 | 1019 | Void | Void | 0.00 |
| 2/20/2010 | 1020 | Guy Amburgey | deposit for tree triming at on property | 1,000.00 |
| 2/22/2010 | 1021 | City of Los Angeles | Business Taxes | 1,153.16 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 86,246.30 |

CASH COLLATAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____2/26/2010_____   Balance on Statement: _____$33,964.10_____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1007 | 2/4/2010 | 325.00 |
| 1016 | 2/19/2010 | 40.00 |
| 1021 | 2/22/2010 | 1,153.16 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                          | 1,518.16 |

Bank statement Adjustments:                                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                              | $32,445.94 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

Page 6 of 16

I. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT) - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS        _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX        _____
ACCOUNT REPORTS

3.  BEGINNING BALANCE:        | 0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:        _____
    (Transferred from General Account)

5.  BALANCE:        | 0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***        | 0.00 |

7.  ENDING BALANCE:        | 0.00 |

8.  TAX Account Number(s):        _____
                                 _____

    Depository Name & Location:        _____
                                       _____
                                       _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date: ___N/A___         Balance on Statement: _____

Plus deposits in transit (a):

|  | Deposit Date | Deposit Amount |
|---|---|---|
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |
|  | _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                       | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                      | 0.00 |

Bank statement Adjustments:                             _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                        | $0.00 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. D. SUMMARY SCHEDULE OF CASH

## ENDING BALANCES FOR THE PERIOD:

*(Provide a copy of monthly account statements for each of the below)*

| | |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 32,445.94 |
| Tax Account: | |

*Other Accounts: _____    _____

_____    _____

_____    _____

*Other Monies: _____    _____

| | |
|---|---|
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**          32,949.52

Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL PETTY CASH TRANSACTIONS:**          0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

** Attach Exhibit Itemizing all petty cash transactions

II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

| | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
| | | Pre-Petition | Post-Petition |
| 30 days or less | | | |
| 31 - 60 days | | | 6,495.88 |
| 61 - 90 days | | | |
| 91 - 120 days | | | |
| Over 120 days | | | |
| TOTAL: | 0.00 | 0.00 | 6,495.88 |

## V. INSURANCE COVERAGE

| | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation | | | | |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle | | | | |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
| | | | | |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | 325.00 | | | 325.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 2/26/10 (hrng 1/26/10) | 5% of gross rents | 9,466.68 |
| Alan Smokler | 2/26/10 (hrng 1/26/10) | $2,000/mth | 4,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII. SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** |  |  |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts |  |  |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** |  |  |
| Beginning Inventory at cost |  |  |
| Purchases |  |  |
| Less: Ending Inventory at cost |  |  |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) |  |  |
| **Operating Expenses:** |  |  |
| Payroll - Insiders |  |  |
| Payroll - Other Employees |  |  |
| Payroll Taxes |  |  |
| Other Taxes (Itemize) |  |  |
| Depreciation and Amortization |  |  |
| Rent Expense - Real Property |  |  |
| Lease Expense - Personal Property |  |  |
| Insurance |  |  |
| Real Property Taxes |  |  |
| Telephone and Utilities |  |  |
| Repairs and Maintenance |  |  |
| Travel and Entertainment (Itemize) |  |  |
| Miscellaneous Operating Expenses (Itemize) |  |  |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** |  |  |
| Interest Income |  |  |
| Net Gain on Sale of Assets (Itemize) |  |  |
| Other (Itemize) |  |  |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** |  |  |
| Interest Expense |  |  |
| Legal and Professional (Itemize) |  |  |
| Other (Itemize) |  |  |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | | |
| Restricted Cash | | |
| Accounts Receivable | | |
| Inventory | | |
| Notes Receivable | | |
| Prepaid Expenses | | |
| Other (Itemize) | | |
| Total Current Assets | | 0.00 |
| | | |
| Property, Plant, and Equipment | | |
| Accumulated Depreciation/Depletion | | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | | |
| Other (Itemize) | | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 0.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | | |
| Taxes Payable | | |
| Notes Payable | | |
| Professional fees | | |
| Secured Debt | | |
| Other (Itemize) | | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | | |
| Priority Liabilities | | |
| Unsecured Liabilities | | |
| Other (Itemize) | | |
| Total Pre-petition Liabilities | | 0.00 |
| TOTAL LIABILITIES | | 0.00 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | | |
| Post-petition Profit/(Loss) | | |
| Direct Charges to Equity | | |
| TOTAL EQUITY | | 0.00 |
| TOTAL LIABILITIES & EQUITY | | 0.00 |

XI.  QUESTIONNAIRE

|   |   | No | Yes |
|---|---|----|-----|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | ___ |

_____

|   |   | No | Yes |
|---|---|----|-----|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | ___ |

_____

3.  State what progress was made during the reporting period toward filing a plan of reorganization
    Debtor attempting to refinance property, while remaining current on payments to sec. creditor.
    _____

4.  Describe potential future developments which may have a significant impact on the case:
    Refinance of Chatsworth Properties would have significant impact on estate

5.  Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|   |   | No | Yes |
|---|---|----|-----|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

_____

I,  Sharon Boyar, President of Debtor's General Partner,
    declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.


3 -30 -10
Date

Principal for debtor-in-possession

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: MT | Case Flag: PlnDue, DsclsDue |

**U.S. Bankruptcy Court**

**Central District Of California**

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 5/10/2010 at 3:20 PM PDT and filed on 5/10/2010

**Case Name:**        Chatsworth Industrial Park, LP
**Case Number:**      1:09-bk-27368-MT
**Document Number:** 42

**Docket Text:**
Monthly Operating Report. Operating Report Number: 4. For the Month Ending 3/31/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\CIP-MOR-3-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/10/2010] [FileNumber=34361665-0] [2449489e7f174b41233abb506498cf30a617281181cacfba6d8ed924368639dc0f 77f72d1b4b9c35eb8ea704d65234e974824ab28309f92174feb9c947e2b578]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

Caceres & Shamash, LLP
,

Sanders Accountancy Corp.
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number:                09-27368-MT<br>Operating Report Number:                4<br>For the Month Ending:                3/31/2010 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          503.58

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL          0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          503.58

4.  RECEIPTS DURING CURRENT PERIOD:
     Accounts Receivable - Post-filing
     Accounts Receivable - Pre-filing
     General Sales
     Other (Specify)
     **Other (Specify)

     TOTAL RECEIPTS THIS PERIOD:          0.00

5.  BALANCE:          503.58

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
     Transfers to Other DIP Accounts (from page 2)          0.00
     Disbursements (from page 2)          0.00

     TOTAL DISBURSEMENTS THIS PERIOD:***          0.00

7.  ENDING BALANCE:          503.58

8.  General Account Number(s):          xxxxx5102

     Depository Name & Location:          City National Bank
     Beverly Hills, CA

*   All receipts must be deposited into the general account.
**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.
***This amount should be the same as the total from page 2.

Page 1 of 16

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____3/31/2010_____    Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:    | 0.00 |

Bank statement Adjustments:    _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:    | $503.58 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS — 189,333.48

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT ACCOUNT REPORTS — 156,887.54

3.  BEGINNING BALANCE: — 32,445.94

4.  RECEIPTS DURING CURRENT PERIOD: — 89,765.62
    (Rents from Chatsworth Properties)

5.  BALANCE: — 122,211.56

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:*** — 78,880.79

7.  ENDING BALANCE: — 43,330.77

8.  CASH COLLAT Account Number(s): — xxxxx5374

    Depository Name & Location: — City National Bank
    — Beverly Hills, CA

TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 3/1/2010 | 1022 | Alan Smokler | 3/01 pay | 2,000.00 |
| 3/1/2010 | 1023 | Sharon Boyar | partial pay from rents | 4,000.00 |
| 3/1/2010 | 1024 | Neat biulding maint. | repair at 21040 Nordoff | 685.00 |
| 3/1/2010 | 1025 | Guy Amburgey | Tree Triming per invoice | 1,000.00 |
| 3/1/2010 | 1026 | Key Bank | morage payment | 67,126.99 |
| 3/13/2010 | 1027 | Att | phone bill | 728.28 |
| 3/14/2010 | 1028 | franchise tax board | Corp.est tax | 800.00 |
| 3/14/2010 | 1029 | franchise tax board | Corp.est tax | 800.00 |
| 3/15/2010 | 1030 | Sharon Boyar | balance owed from rent | 488.28 |
| 3/15/2010 | 1031 | VOID | VOID | 0.00 |
| 3/15/2010 | 1032 | VOID | VOID | 0.00 |
| 3/15/2010 | 1033 | Surplus Sourcing | our % of utilities | 500.00 |
| 3/25/2010 | 1034 | Walmart | computer printer for business | 752.24 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 78,880.79 |

CASH COLLATACCOUNT
BANK RECONCILIATION

Bank statement Date: _____3/31/2010_____    Balance on Statement: _____$43,330.77_____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                    | 0.00 |

Bank statement Adjustments:                                  _____

Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                        | $43,330.77 |

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT)  - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS      _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX      _____
ACCOUNT REPORTS

3.  BEGINNING BALANCE:      | 0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:      _____
    (Transferred from General Account)

5.  BALANCE:      | 0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***      | 0.00 |

7.  ENDING BALANCE:      | 0.00 |

8.  TAX Account Number(s):      _____
         _____

    Depository Name & Location:      _____
         _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date: <u>N/A</u>          Balance on Statement: _____

Plus deposits in transit (a):

<u>Deposit Date</u>          <u>Deposit Amount</u>

_____          _____
_____          _____
_____          _____
_____          _____
_____          _____

TOTAL DEPOSITS IN TRANSIT                              | 0.00 |

Less Outstanding Checks (a):

<u>Check Number</u>          <u>Check Date</u>          <u>Check Amount</u>

_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____
_____          _____          _____

TOTAL OUTSTANDING CHECKS:                              | 0.00 |

Bank statement Adjustments:                              _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                              | $0.00 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. D. SUMMARY SCHEDULE OF CASH

### ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 43,330.77 |
| Tax Account: | |

*Other Accounts: _____    _____

_____    _____

_____    _____

*Other Monies: _____    _____

**Petty Cash (from below):    0.00

### TOTAL CASH AVAILABLE:    43,834.35

### Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### TOTAL PETTY CASH TRANSACTIONS:    0.00

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

\*\* Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
|  |  |  |  |  |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
### (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| 31-Mar-2010 | 235,768.33 | 1,950.00 |  |  | 1,950.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  | 2,275.00 |  | 325.00 | 1,950.00 |

Page 12 of 16

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII. SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 2/26/10 (hrng 1/26/10) | 5% of gross rents | 4,488.28 |
| Alan Smokler | 2/26/10 (hrng 1/26/10) | $2,000/mth | 2,000.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

## IX. PROFIT AND LOSS STATEMENT
### (ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| | | |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| **Gross Profit** | 0.00 | 0.00 |
| | | |
| Other Operating Income (Itemize) | | |
| | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| | | |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| | | |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| | | |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| | | |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| Total Current Assets | _____ | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 0.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | | 0.00 |
| TOTAL LIABILITIES | | 0.00 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| TOTAL EQUITY | | 0.00 |
| TOTAL LIABILITIES & EQUITY | | 0.00 |

|  |  | No | Yes |
|---|---|---|---|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below: | X | |

|  |  | No | Yes |
|---|---|---|---|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below: | X | |

3. State what progress was made during the reporting period toward filing a plan of reorganization Debtor attempting to refinance property, while remaining current on payments to sec. creditor.

4. Describe potential future developments which may have a significant impact on the case: Refinance of Chatsworth Properties would have significant impact on estate

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|  |  | No | Yes |
|---|---|---|---|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below. | X | |

I, Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

5/10/2010
Date

Page 16 of 16                     Principal for debtor-in-possession

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: MT | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 6/9/2010 at 10:34 AM PDT and
filed on 6/9/2010
**Case Name:**         Chatsworth Industrial Park, LP
**Case Number:**       1:09-bk-27368-MT
**Document Number:**50

**Docket Text:**
Monthly Operating Report. Operating Report Number: 5. For the Month Ending 4/30/10 Filed by Debtor
Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\CIP-MOR-4-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=6/9/2010] [FileNumber=35217980-0
] [6ed1601d67611871ca4999cafaf15f7ccfabd5f3a73a9f1dcb39641dc1e3b7c55ac
2dde84fd357028cd386292ee1a3183b631a169a7c089dc4d0175d5355caed]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

Caceres & Shamash, LLP
,

Traci S. Lagasse on behalf of Creditor Jalmar Properties Inc
11232 El Camnino Real Ste 250
San Diego, CA 92130

Sanders Accountancy Corp.
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 09-27368-MT<br>Operating Report Number: 5<br>For the Month Ending: 4/30/2010 |
| --- | --- |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS _____ 503.58

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL _____ 0.00
ACCOUNT REPORTS

3. BEGINNING BALANCE: 503.58

4. RECEIPTS DURING CURRENT PERIOD:
   Accounts Receivable - Post-filing _____
   Accounts Receivable - Pre-filing _____
   General Sales _____
   Other (Specify) _____
   **Other (Specify) _____

   TOTAL RECEIPTS THIS PERIOD: 0.00

5. BALANCE: 503.58

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2) 0.00
   Disbursements (from page 2) 0.00

   TOTAL DISBURSEMENTS THIS PERIOD:*** 0.00

7. ENDING BALANCE: 503.58

8. General Account Number(s): xxxxx5102

   Depository Name & Location: City National Bank
   Beverly Hills, CA

\* All receipts must be deposited into the general account.
\** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
   to whom, terms, and date of Court Order or Report of Sale.
\***This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____4/30/2010_____    Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                                          | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                                     | 0.00 |

Bank statement Adjustments:                                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                      | $503.58 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS          279,099.10

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT          235,768.33
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          43,330.77

4.  RECEIPTS DURING CURRENT PERIOD:          85,765.62
    (Rents from Chatsworth Properties)

5.  BALANCE:          129,096.39

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***          86,389.18

7.  ENDING BALANCE:          42,707.21

8.  CASH COLLAT Account Number(s):          xxxxx5374

    Depository Name & Location:          City National Bank
                                         Beverly Hills, CA

# TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 4/1/2010 | 1035 | Sharon Boyar | 4/10 pay | 4,000.00 |
| 4/1/2010 | 1036 | alan smokler | 4/10 pay | 2,000.00 |
| 4/1/2010 | 1037 | Kelly O'rourke | Tree Triming per invoice/time clock | 1,745.00 |
| 4/1/2010 | 1038 | Key Bank | mortgage payment | 67,126.99 |
| 4/1/2010 | 1039 | consolidated disposal | trash | 241.47 |
| 4/15/2010 | 1040 | AT&T | phone bill | 877.44 |
| 4/15/2010 | 1041 | crown | trash | 585.00 |
| 4/16/2010 | 1042 | sharon boyar | balance owed from rent | 288.28 |
| 4/16/2010 | 1043 | rodney inatomi | A/C work cp films | 6,200.00 |
| 4/24/2010 | 1044 | Franchise Tax Board | Fee for general partner | 250.00 |
| 4/24/2010 | 1045 | US Trustee | UST fees - 1st Q 2010 | 1,625.00 |
| 4/26/2010 | 1046 | Kelly O'rourke | replace irrigation line viquest | 1,450.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 86,389.18 |

CASH COLLATERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____4/30/2010_____    Balance on Statement: _____$42,957.21_____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT | | 0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1044 | 4/24/2010 | 250.00 |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS: | | 250.00

Bank statement Adjustments: _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE: | $42,707.21

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I.  CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT) - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS    _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX    _____
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                    |          0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:    _____
    (Transferred from General Account)

5.  BALANCE:                                              |          0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                   |          0.00 |

7.  ENDING BALANCE:                                       |          0.00 |

8.  TAX Account Number(s):    _____
                             _____

    Depository Name & Location:    _____
                                   _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date: <u>N/A</u>                    Balance on Statement: _____

Plus deposits in transit (a):

| <u>Deposit Date</u> | <u>Deposit Amount</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                          |  0.00  |

Less Outstanding Checks (a):

| <u>Check Number</u> | <u>Check Date</u> | <u>Check Amount</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                         |  0.00  |

Bank statement Adjustments:                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                            | $0.00  |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. D.  SUMMARY SCHEDULE OF CASH

## ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 42,707.21 |
| Tax Account: | |

*Other Accounts:

*Other Monies:

| | |
|---|---|
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**  43,210.79

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
| | | |

**TOTAL PETTY CASH TRANSACTIONS:**  0.00

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

\*\* Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
|  |  |  |  |  |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| 31-Mar-2010 | 235,768.33 | 1,950.00 | 24-Apr-2010 | 1,625.00 | 325.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  | 2,275.00 |  |  | 1,950.00 | 325.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 3/1/2010 | 5% of gross rents | 4,288.28 |
| Alan Smokler | 3/1/2010 | $2,000/mth | 2,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

| | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Debtor attempting to refinance property, while remaining current on payments to sec. creditor. | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-8 BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| De          Total Current Assets | _____ | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 0.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | | 0.00 |
| TOTAL LIABILITIES | | 0.00 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| TOTAL EQUITY | | 0.00 |
| TOTAL LIABILITIES & EQUITY | | 0.00 |

|  | No | Yes |
|---|---|---|
| 1. Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below: | X | ___ |

|  | No | Yes |
|---|---|---|
| 2. Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below: | X | ___ |

3. State what progress was made during the reporting period toward filing a plan of reorganization
Debtor attempting to refinance property & considering all other options, while remaining current on payments to secured creditor.

4. Describe potential future developments which may have a significant impact on the case:
Refinance of Chatsworth Properties would have significant impact on estate

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|  | No | Yes |
|---|---|---|
| 6. Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

I, Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.


6-1-10
_____
Date

Page 16 of 16

_Sharon Boyar_

_____
Principal for debtor-in-possession

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: MT | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 7/30/2010 at 3:36 PM PDT and filed on 7/30/2010

**Case Name:**       Chatsworth Industrial Park, LP
**Case Number:**     1:09-bk-27368-MT
**Document Number:** 55

**Docket Text:**
Monthly Operating Report. Operating Report Number: 6. For the Month Ending 5/31/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\CIP-MOR-5-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=7/30/2010] [FileNumber=36785911-0] [ac156127acef89d0788f48fb159dff32ebfae039b34d73076410bf952807c6a2e7 9ad25ab04ef5f1ad0ec10a51309ceb837525780699d38981ba4bd2614f9396]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

CBI Partners, Inc.
,

Caceres & Shamash, LLP
,

Traci S. Lagasse on behalf of Creditor Jalmar Properties Inc
11232 El Camnino Real Ste 250
San Diego, CA 92130

Sanders Accountancy Corp.
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:  09-27368-MT<br>Operating Report Number:  6<br>For the Month Ending:  5/31/2010 |
| --- | --- |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          503.58

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL          0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          503.58

4.  RECEIPTS DURING CURRENT PERIOD:
    Accounts Receivable - Post-filing
    Accounts Receivable - Pre-filing
    General Sales
    Other (Specify)
    **Other (Specify)

    TOTAL RECEIPTS THIS PERIOD:          0.00

5.  BALANCE:          503.58

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)          0.00
    Disbursements (from page 2)          0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***          0.00

7.  ENDING BALANCE:          503.58

8.  General Account Number(s):          xxxxx5102

    Depository Name & Location:          City National Bank
                    Beverly Hills, CA

*    All receipts must be deposited into the general account.
**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.
***This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| **TOTAL DISBURSEMENTS THIS PERIOD:** | | | | 0.00 | 0.00 | $0.00 |

\* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

\*\* Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____5/28/2010_____  Balance on Statement: _____$503.58

**Plus deposits in transit (a):**

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                     | 0.00 |

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                    | 0.00 |

Bank statement Adjustments:                                  _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                       | $503.58 |

\* It is acceptable to replace this form with a similar form
\** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS          364,864.72

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT          322,157.51
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                             42,707.21

4.  RECEIPTS DURING CURRENT PERIOD:                                79,880.49
    (Rents from Chatsworth Properties)

5.  BALANCE:                                                      122,587.70

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                            78,904.97

7.  ENDING BALANCE:                                                43,682.73

8.  CASH COLLAT Account Number(s):          xxxxx5374

    Depository Name & Location:             City National Bank
                                            Beverly Hills, CA

# TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 5/1/2010 | 1047 | Alan Smokler | 5/10 Pay | 2,000.00 |
| 5/1/2010 | 1048 | Sharon Boyar | 5/10 pay | 4,000.00 |
| 5/3/2010 | 1049 | Sharon Boyar | Balance owed from rent | 400.00 |
| 5/3/2010 | 1050 | Rodney Inatomi | Repair A/C at 21019 | 2,050.00 |
| 5/4/2010 | 1051 | Key Bank | Mortgage | 67,126.99 |
| 5/12/2010 | 1052 | Sharon Boyar | Balance owed from rent | 137.00 |
| 5/12/2010 | 1053 | Kelly O'rourke | replace sump pump Osborne st driveway | 2,200.00 |
| 5/27/2010 | EleDebit | Att | Att Phones | 562.44 |
| 5/30/2010 | 1054 | Home Depot | | 428.54 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 78,904.97 |

CASH COLLATERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____5/28/2010_____    Balance on Statement: _____$44,111.27_____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                             | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1054 | 5/30/2010 | 428.54 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                             | 428.54 |

Bank statement Adjustments:                                           _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                | $43,682.73 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT)   - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS   _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX
ACCOUNT REPORTS   _____

3.  BEGINNING BALANCE:   | 0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:
    (Transferred from General Account)   _____

5.  BALANCE:   | 0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***   | 0.00 |

7.  ENDING BALANCE:   | 0.00 |

8.  TAX Account Number(s):   _____
   _____

    Depository Name & Location:   _____
   _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date:  <u>N/A</u>    Balance on Statement:  _____

Plus deposits in transit (a):

| <u>Deposit Date</u> | <u>Deposit Amount</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                    | 0.00 |

Less Outstanding Checks (a):

| <u>Check Number</u> | <u>Check Date</u> | <u>Check Amount</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                    | 0.00 |

Bank statement Adjustments:                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                    | $0.00 |

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. D. SUMMARY SCHEDULE OF CASH

### ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---:|
| General Account: | 503.58 |
| Cash Collat Account: | 44,111.27 |
| Tax Account: | |

*Other Accounts:

*Other Monies:

| | |
|---|---:|
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**    44,614.85

### Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL PETTY CASH TRANSACTIONS:**    0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
## AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

|  | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding |  |  |  |
| State Withholding |  |  |  |
| FICA- Employer's Share |  |  |  |
| FICA- Employee's Share |  |  |  |
| Federal Unemployment |  |  |  |
| Sales and Use |  |  |  |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: |  |  |  |
| TOTAL: | 0.00 | 0.00 |  |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
|  |  |  |  |  |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| 31-Mar-2010 | 235,768.33 | 1,950.00 | 24-Apr-2010 | 1,625.00 | 325.00 |
| 31-Mar-2010 | 235,768.33 |  | 1-Jun-2010 | 325.00 | (325.00) |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  | 2,275.00 |  | 2,275.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court. Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 3/1/2010 | 5% of gross rents | 4,537.00 |
| Alan Smokler | 3/1/2010 | $2,000/mth | 2,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-3 BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| Total Current Assets | _____ | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | _____ | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | _____ | 0.00 |
| TOTAL ASSETS | | 0.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | _____ | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | _____ | 0.00 |
| TOTAL LIABILITIES | | 0.00 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| TOTAL EQUITY | | 0.00 |
| TOTAL LIABILITIES & EQUITY | | 0.00 |

QUESTIONNAIRE

|  | | No | Yes |
|---|---|---|---|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below: | X | ___ |

|  | | No | Yes |
|---|---|---|---|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below: | X | ___ |

3. State what progress was made during the reporting period toward filing a plan of reorganization
Debtor negotiating with secured creditor towards consensual plan, while considering other options and remaining current on payments

4. Describe potential future developments which may have a significant impact on the case:
Agreement with secured lender; refinance of property

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|  | | No | Yes |
|---|---|---|---|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

I, Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

7-28-10
Date

Page 16 of 16

Principal for debtor-in-possession

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: MT | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 7/30/2010 at 3:38 PM PDT and filed on 7/30/2010

**Case Name:**        Chatsworth Industrial Park, LP
**Case Number:**      1:09-bk-27368-MT
**Document Number:** 56

**Docket Text:**
Monthly Operating Report. Operating Report Number: 7. For the Month Ending 6/30/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\CIP-MOR-6-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=7/30/2010] [FileNumber=36786120-0] [4c0086c057b2dd8dc82ba6ae223b5a5ca38644f39be1c743f1aae7cf76ca0b564f 39fbbf58f93c0d7d3fb44cc860490fa283375b4f699cde769b2a9afe382d23]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

CBI Partners, Inc.
,

Caceres & Shamash, LLP
,

Traci S. Lagasse on behalf of Creditor Jalmar Properties Inc
11232 El Camnino Real Ste 250
San Diego, CA 92130

Sanders Accountancy Corp.
,

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 09-27368-MT<br>Operating Report Number: 7<br>For the Month Ending: 6/30/2010 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS    503.58

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL    0.00
ACCOUNT REPORTS

3. BEGINNING BALANCE:    503.58

4. RECEIPTS DURING CURRENT PERIOD:
   Accounts Receivable - Post-filing
   Accounts Receivable - Pre-filing
   General Sales
   Other (Specify)
   **Other (Specify)

   TOTAL RECEIPTS THIS PERIOD:    0.00

5. BALANCE:    503.58

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2)    0.00
   Disbursements (from page 2)    0.00

   TOTAL DISBURSEMENTS THIS PERIOD:***    0.00
   C
7. ENDING BALANCE:    503.58

8. General Account Number(s):    xxxxx5102

   Depository Name & Location:    City National Bank
   Beverly Hills, CA

\*    All receipts must be deposited into the general account.
\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| TOTAL DISBURSEMENTS THIS PERIOD: | | | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____6/30/2010_____ Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                                   | 0.00 |

Bank statement Adjustments:                                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                      | $503.58 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS            444,745.21

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT            401,062.48
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                                43,682.73

4.  RECEIPTS DURING CURRENT PERIOD:                                   98,329.17
    (Rents from Chatsworth Properties)

5.  BALANCE:                                                         142,011.90

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                               82,075.63

7.  ENDING BALANCE:                                                   59,936.27

8.  CASH COLLAT Account Number(s):        xxxxx5374

    Depository Name & Location:           City National Bank
                                          Beverly Hills, CA

# TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 6/1/2010 | 1055 | sharon Boyar | 6/10 pay | 4,500.00 |
| 6/1/2010 | 1056 | Alan Smokler | 6/10 pay | 2,000.00 |
| 6/1/2010 | 1057 | Brandon Holmes | Laborer | 200.00 |
| 6/1/2010 | 1058 | void | void | 0.00 |
| 6/1/2010 | 1059 | Crown Disposal | Trash | 96.95 |
| 6/1/2010 | 1060 | Key Bank | mortgage | 67,126.99 |
| 6/1/2010 | 1061 | US Trustee | Q fees (complete underpay of 1st Q '10) | 325.00 |
| 6/6/2010 | 1062 | Att | Att Phones | 633.21 |
| 6/6/2010 | 1063 | void | void | 0.00 |
| 6/7/2010 | 1064 | Home Depot | building 21029 plumbing and paint | 1,542.72 |
| 6/7/2010 | 1065 | void | void | 0.00 |
| 6/7/2010 | 1066 | John Paul Chalupa | Laborer | 950.00 |
| 6/11/2010 | 1067 | sharon Boyar | balance of pay from 6/10 | 416.50 |
| 6/15/2010 | 1068 | Surplus Sorcing | Utilities for office | 500.00 |
| 6/14/2010 | 1069 | Tray Nelson | painting | 850.00 |
| 6/17/2010 | 1070 | Consolidated Disposal | trash for LA Wheel | 434.26 |
| 6/23/2010 | 1071 | Tray Nelson | balance for painting | 200.00 |
| 6/27/2010 | 1072 | U.S. Trustee | Q fees (to apply to 2nd Q '10) | 325.00 |
| 6/30/2010 | 1076 | John Stoscher | Install plumbing fixtures | 1,975.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 82,075.63 |

CASH COLLATERAL ACCOUNT
BANK RECONCILIATION

| Bank statement Date: | 6/30/2010 | Balance on Statement: | $60,261.27 |
|---|---|---|---|

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

**TOTAL DEPOSITS IN TRANSIT**                                0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1072 | 6/27/2010 | 325.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL OUTSTANDING CHECKS:**                                325.00

Bank statement Adjustments:                                _____

Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                $59,936.27

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I.  CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT)  - N/A

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS     _____

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX     _____
ACCOUNT REPORTS

3.  BEGINNING BALANCE:     | 0.00 |

4.  RECEIPTS DURING CURRENT PERIOD:     _____
(Transferred from General Account)

5.  BALANCE:     | 0.00 |

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
TOTAL DISBURSEMENTS THIS PERIOD:***     | 0.00 |

7.  ENDING BALANCE:     | 0.00 |

8.  TAX Account Number(s):     _____

    Depository Name & Location:     _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date:  _N/A_____    Balance on Statement:  _____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                                    | 0.00 |

Bank statement Adjustments:                                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                       | $0.00 |

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. D. SUMMARY SCHEDULE OF CASH

## ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 59,936.27 |
| Tax Account: | |

*Other Accounts: _____ _____
_____ _____
_____ _____

*Other Monies: _____ _____

**Petty Cash (from below): | 0.00 |

## TOTAL CASH AVAILABLE:                                          60,439.85

Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| | | |

## TOTAL PETTY CASH TRANSACTIONS:                                0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
|  |  |  |  |  |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| 31-Mar-2010 | 235,768.33 | 1,950.00 | 24-Apr-2010 | 1,625.00 | 325.00 |
| 31-Mar-2010 | 235,768.33 |  | 1-Jun-2010 | 325.00 | (325.00) |
| 30-Jun-2010 | 247,369.78 | 1,950.00 | 27-Jun-2010 | 325.00 | 1,625.00 |
| 30-Jun-2010 | 247,369.78 |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  | 4,225.00 |  | 2,600.00 | 1,625.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

## VII. SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 3/1/2010 | 5% of gross rents | 4,916.50 |
| Alan Smokler | 3/1/2010 | $2,000/mth | 2,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

| | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-8 BALANCE SHEET
(ACCRUAL BASIS ONEY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| Total Current Assets | | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 0.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | | 0.00 |
| TOTAL LIABILITIES | | 0.00 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| TOTAL EQUITY | | 0.00 |
| TOTAL LIABILITIES & EQUITY | | 0.00 |

QUESTIONNAIRE

|   |   | No | Yes |
|---|---|----|----|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below: | X | ___ |

|   |   | No | Yes |
|---|---|----|----|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below: | X | ___ |

3. State what progress was made during the reporting period toward filing a plan of reorganization Debtor negotiating with secured creditor towards consensual plan, while considering other options and remaining current on payments

4. Describe potential future developments which may have a significant impact on the case:
Agreement with secured lender; refinance of property

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|   |   | No | Yes |
|---|---|----|----|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

I, Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

7-28-10
Date

Page 16 of 16

Principal for debtor-in-possession

## Miscellaneous:

1:09-bk-27368-MT Chatsworth Industrial Park, LP

Type: bk                  Chapter: 11 v                Office: 1 (San Fernando Valley)
Assets: y                 Judge: MT                    Case Flag: PlnDue, DsclsDue


### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Joseph Caceres entered on 8/19/2010 at 5:27 PM PDT and filed on 8/19/2010

**Case Name:**         Chatsworth Industrial Park, LP
**Case Number:**       1:09-bk-27368-MT
**Document Number:** 57

**Docket Text:**
Monthly Operating Report. Operating Report Number: 8. For the Month Ending 7/31/10 Filed by Debtor Chatsworth Industrial Park, LP. (Caceres, Joseph)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\CIP-MOR-7-10-rev-ff.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/19/2010] [FileNumber=37400442-0] [63931cac473982206eb7e4077749b2964f263c84a936a5e3eede28480fddf02fc8 7e0b09aca0a40cbf3b283e692699c75a8826e82006cf7cd810b4347e89edb3]]

**1:09-bk-27368-MT Notice will be electronically mailed to:**

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Joseph Caceres on behalf of Debtor Chatsworth Industrial Park, LP
jec@locs.com, generalbox@locs.com

Sandi M Colabianchi on behalf of Creditor CSFB 2003-C4 Nordhoff Limited Partnership
scolabianchi@gordonrees.com

Charles Shamash on behalf of Debtor Chatsworth Industrial Park, LP
cs@locs.com, generalbox@locs.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-27368-MT Notice will not be electronically mailed to:**

CBI Partners, Inc.
,

Caceres & Shamash, LLP
,

Traci S. Lagasse on behalf of Creditor Jalmar Properties Inc
11232 El Camnino Real Ste 250
San Diego, CA 92130

Sanders Accountancy Corp.
,

**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**CENTRAL DISTRICT OF CALIFORNIA**

| In Re:<br><br>CHATSWORTH INDUSTRIAL PARK, LP<br><br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:        09-27368-MT<br>Operating Report Number:      8<br>For the Month Ending:    7/31/2010 |

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      503.58

2.  LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      0.00

3.  BEGINNING BALANCE:      503.58

4.  RECEIPTS DURING CURRENT PERIOD:
    Accounts Receivable - Post-filing
    Accounts Receivable - Pre-filing
    General Sales
    Other (Specify)
    **Other (Specify)

    TOTAL RECEIPTS THIS PERIOD:      0.00

5.  BALANCE:      503.58

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)      0.00
    Disbursements (from page 2)      0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***      0.00
    C

7.  ENDING BALANCE:      503.58

8.  General Account Number(s):      xxxxx5102

    Depository Name & Location:      City National Bank
         Beverly Hills, CA

\*    All receipts must be deposited into the general account.
\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| N/A | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT

## BANK RECONCILIATION

Bank statement Date: _____7/30/2010_____    Balance on Statement: _____$503.58

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                              | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                              | 0.00 |

Bank statement Adjustments:                              _____

Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                              | $503.58 |

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

## I. CASH RECEIPTS AND DISBURSEMENTS
### B. (CASH COLLATERAL ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR CASH COLLAT ACCT REPORTS     543,074.38

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR CASH COLLAT     483,138.11
    ACCOUNT REPORTS

3.  BEGINNING BALANCE:     59,936.27

4.  RECEIPTS DURING CURRENT PERIOD:     89,480.23
    (Rents from Chatsworth Properties)

5.  BALANCE:     149,416.50

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***     80,226.77

7.  ENDING BALANCE:     69,189.73

8.  CASH COLLAT Account Number(s):     xxxxx5374

    Depository Name & Location:     City National Bank
        Beverly Hills, CA

# TOTAL DISBURSEMENTS FROM CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 7/1/2010 | 1073 | sharon Boyar | 7/10 pay | 4,875.00 |
| 7/1/2010 | 1074 | Alan Smokler | 7/10 pay | 2,000.00 |
| 7/1/2010 | 1075 | Crown Disposal | Trash | 196.83 |
| 7/1/2010 | 1077 | Key Bank | mortgage | 67,126.99 |
| 7/6/2010 | 1078 | VOID | VOID | 0.00 |
| 7/6/2010 | 1079 | Brandon Holmes | Laborer | 805.00 |
| 7/6/2010 | 1080 | Home Depot | Supplies, Osborne | 687.28 |
| 7/13/2010 | 1081 | Brandon Holmes | Laborer | 500.00 |
| 7/13/2010 | 1082 | Imperial irrigation | sprinkler repairs | 1,051.15 |
| 7/14/2010 | Elect | Att | Att Phones | 585.99 |
| 7/20/2010 | 1083 | Consolidated Disposal | trash pickup | 123.53 |
| 7/20/2010 | 1084 | U.S. Trustee | Q fees (to apply to balance of 2nd Q '10) | 1,625.00 |
| 7/29/2010 | 1085 | Vic Nol | Laborer | 650.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 80,226.77 |

CASH COLLATERAL ACCOUNT
BANK RECONCILIATION

| | | |
|---|---|---|
| Bank statement Date: | 7/30/2010 | Balance on Statement: | $71,588.26 |

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                                0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1083 | 7/20/2010 | 123.53 |
| 1084 | 7/20/2010 | 1,625.00 |
| 1085 | 7/29/2010 | 650.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                           2,398.53

Bank statement Adjustments:                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                              $69,189.73

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT) - N/A

1. TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS  _____

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX
ACCOUNT REPORTS  _____

3. BEGINNING BALANCE:  | 0.00

4. RECEIPTS DURING CURRENT PERIOD:  _____
   (Transferred from General Account)

5. BALANCE:  | 0.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   TOTAL DISBURSEMENTS THIS PERIOD:***  | 0.00

7. ENDING BALANCE:  | 0.00

8. TAX Account Number(s):  _____
   _____

   Depository Name & Location:  _____
   _____

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date:    N/A                    Balance on Statement:    _____

Plus deposits in transit (a):

|  Deposit Date | Deposit Amount |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                                    | 0.00 |

Bank statement Adjustments:                                       _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                       | $0.00 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

I. D. SUMMARY SCHEDULE OF CASH

ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---|
| General Account: | 503.58 |
| Cash Collat Account: | 69,189.73 |
| Tax Account: | |
| *Other Accounts: | |
| | |
| | |
| *Other Monies: | |
| **Petty Cash (from below): | 0.00 |

TOTAL CASH AVAILABLE: 69,693.31

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL PETTY CASH TRANSACTIONS: 0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Keybank/CSFB | Mo. | 67,127.00 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid: _____

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | 0.00 | 0.00 | Impound Acct Pays |
| Other: | | | |
| TOTAL: | 0.00 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Farmers | $2m / $4m | 10/30/2010 | 10/30/2010 |
| Worker's Compensation |  |  |  |  |
| Casualty | Farmers | Apx. $15,793,000 | 10/30/2010 | 10/30/2010 |
| Vehicle |  |  |  |  |
| Others: Umbrella | Farmers | $2m | 10/30/2010 | 10/30/2010 |
|  |  |  |  |  |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2009 | 0.00 | 325.00 | 4-Feb-2010 | 325.00 | 0.00 |
| 31-Mar-2010 | 235,768.33 | 1,950.00 | 24-Apr-2010 | 1,625.00 | 325.00 |
| 31-Mar-2010 |  |  | 1-Jun-2010 | 325.00 | (325.00) |
| 30-Jun-2010 | 247,369.78 | 1,950.00 | 27-Jun-2010 | 325.00 | 1,625.00 |
| 30-Jun-2010 |  |  | 20-Jul-2010 | 1,625.00 | (1,625.00) |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  | | 4,225.00 |  | 4,225.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII. SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Sharon Boyar | 3/1/2010 | 5% of gross rents | 4,875.00 |
| Alan Smokler | 3/1/2010 | $2,000/mth | 2,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 0.00 | 0.00 |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | 0.00 | 0.00 |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| **Gross Profit** | 0.00 | 0.00 |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 0.00 | 0.00 |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| **NET INCOME/(LOSS)** | 0.00 | 0.00 |

(Attach exhibit listing all itemizations required above)

X-B ALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | _____ | |
| Restricted Cash | _____ | |
| Accounts Receivable | _____ | |
| Inventory | _____ | |
| Notes Receivable | _____ | |
| Prepaid Expenses | _____ | |
| Other (Itemize) | _____ | |
| Total Current Assets | | 0.00 |
| | | |
| Property, Plant, and Equipment | _____ | |
| Accumulated Depreciation/Depletion | _____ | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | _____ | |
| Other (Itemize) | _____ | |
| Total Other Assets | | 0.00 |
| **TOTAL ASSETS** | | 0.00 |
| | | |
| **LIABILITIES** | | |
| Post-petition Liabilities: | _____ | |
| Accounts Payable | _____ | |
| Taxes Payable | _____ | |
| Notes Payable | _____ | |
| Professional fees | _____ | |
| Secured Debt | _____ | |
| Other (Itemize) | _____ | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | _____ | |
| Priority Liabilities | _____ | |
| Unsecured Liabilities | _____ | |
| Other (Itemize) | _____ | |
| Total Pre-petition Liabilities | | 0.00 |
| **TOTAL LIABILITIES** | | 0.00 |
| | | |
| **EQUITY:** | | |
| Pre-petition Owners' Equity | _____ | |
| Post-petition Profit/(Loss) | _____ | |
| Direct Charges to Equity | _____ | |
| **TOTAL EQUITY** | | 0.00 |
| **TOTAL LIABILITIES & EQUITY** | | 0.00 |

|  | No | Yes |
|---|---|---|
| 1. Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below: | X | |

_____

|  | No | Yes |
|---|---|---|
| 2. Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below: | X | |

_____

3. State what progress was made during the reporting period toward filing a plan of reorganization Debtor negotiating with secured creditor towards consensual plan, while considering other options and remaining current on payments. Debtor anticipates filing plan next month.

_____

4. Describe potential future developments which may have a significant impact on the case:
Agreement with secured lender; refinance of property

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|  | No | Yes |
|---|---|---|
| 6. Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below. | X | |

_____

I,   Sharon Boyar, President of Debtor's General Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

8-19-10
**Date**

Page 16 of 16

*Sharon Boyar*

Principal for debtor-in-possession

**EXHIBIT C – UNEXPIRED LEASES TO BE ASSUMED**

Debtor will assume the following seven (7) leases with its tenants, together with all modifications, extensions, and amendments thereto, and will continue to perform its obligations under the leases:

Zero Tolerance Ent. (9035 Independence)

PTM, Inc. (21051 Osborne)

Viaquest, Inc. (21026 Nordhoff)

Surplus Sourcing (21040 Nordhoff)

CP Films (21019 Osborne)

CP Films (21025 Osborne)

Challenge Motorsports/L.A. Wheel (21021 Osborne)

## EXHIBIT D – LIQUIDATION ANALYSIS

### SUPPORTING VALUATION

**CURRENT ASSETS:**

**CASH ON HAND**
a.  Acct Number: xxxxx5102        $      504
b.  Acct Number: xxxxx5374        $   45,000
c.  Total Cash                                      $     45,504

**ACCOUNTS RECEIVABLE**
a. Accounts receivable (est)      $   77,000
b. **Less:** uncollectible accounts   $   77,000
c. Net Accounts Receivables                         $          0

**INVENTORIES**                                     $          0

**OTHER** – Jalmar Litigation[2]                    $   Unknown

**FIXED ASSETS:**

**OFFICE FURNITURE, MACHINERY & EQUIPMENT**         $          0

**TRANSPORTATION EQUIPMENT**                        $          0

**BUILDINGS, LAND & OTHER REAL PROPERTY**

a.   Real Property at: Chatsworth  $12,000,000

b.   Real Property at:            $

c.   Total                                          $12,000,000

**OTHER ASSETS:**                                   $          0

   TOTAL ASSETS AT LIQUIDATION VALUE                $12,045,504

---

[2]Due to the completely speculative nature of litigation, it is impossible to value this asset.

40

**EXHIBIT E – LIST OF ADMINISTRATIVE EXPENSE CLAIMS**

| UNCLASSIFIED CLAIMS: ADMINISTRATIVE CLAIMS | | | | | | |
|---|---|---|---|---|---|---|
| | | **Amounts** (Allowed + Est = Total Amount – Paid = Total Due) | | | | |
| Name | Code § | Allowed to date | Estimated | Total Amount | Paid | Total Due |
| Caceres & Shamash, LLP (Debtor's Counsel) | 507(a)(1) | $0 | $25,000.00 (est) in excess of retainer | $25,000.00 (est.) | $0 | $25,000.00 (est.) |
| Henry Sanders Accountancy Corp. (Debtor's Accountant) | 507(a)(1) | $0 | $15,000.00 (est.) | $15,000.00 (est.) | $0 | $15,000.00 (est.) |
| CBI Partners, Inc. (Debtor's Leasing Broker) | 507(a)(1) | $0 | $0.00 (est at zero on Effective Date as commissions to be paid as earned from new leases) | $0 | $0 | $0.00 |
| Office of the United States Trustee | 507(a)(1); 28 U.S.C. § 1930(a)(6) | | $1,950 (est) | $1,950 | $0 | $1,950 |
| Court Fees | 507(a)(1) | | $0 | $0 | $0 | $0 |
| **TOTAL AMOUNTS** | | $0 | $41,950.00 (est.) | $41,950.00 (est.) | $0 | $41,950.00 (est.) |

41

**EXHIBIT F – LIST OF GENERAL UNSECURED CLAIMS**

| Clas | Name | Inside | Impair | SCHEDULED CLAIMS | | FILED CLAIMS | |
|---|---|---|---|---|---|---|---|
| | | | | Amount | D/C/U | Amount | Objection |
| 2 | CBI Partners, Inc. | N | Y | $     00.00 | Y | $     00.00 | N/A |
| 2 | Ira Benjamin Katz | N | Y | $10,000.00 | Y | $16,735.42 | Under review |
| 2 | Jalmar Properties, Inc. | N | Y | $     00.00 | Y | $10,499.35 | Under review |
| 2 | Johnson Controls, Inc. | N | Y | N/A | N/A | $ 6,470.38 | Under review |
| 2 | Mitchel J. Ezer | N | Y | $30,300.00 | Y | $31,041.91 | Under review |
| 2 | The Piken Company | N | Y | $25,000.00 | Y | $30,814.63 | Under review |
| | | | | | | | |
| **TOTAL AMOUNT FOR CLASS** | | | | $65,300.00 | | $95,561.69 | |

*CLASSIFIED CLAIMS: UNSECURED CLAIMS*

**EXHIBIT G – LIST OF EQUITY INTERESTS**

| CLASSIFIED INTEREST: EQUITY SECURITY INTEREST HOLDERS | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | SCHEDULED INTERESTS | | FILED INTERESTS | |
| Class | Name | Inside | Impair | Percentage | D/C/U* | Percentage | Objection |
| 3 | Boyar Management Corp | Y | N | 99% | N/A | | |
| 3 | Sharon Boyar Trust | Y | N | 1% | N/A | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | <== Insert rows here. | | | | | | |
| | | | | | | | |

* Disputed/contingent/unliquidated

| In re:  CHATSWORTH INDUSTRIAL PARK, LP, | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  1:09-bk-27368-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

The foregoing documents described as   Debtor's Original Disclosure Statement Describing Debtor's Original Chapter 11 Plan    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On    08/23/10    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___08/23/10_____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 08/23/10 | Elizabeth Prado | /s/ Elizabeth Prado |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:  CHATSWORTH INDUSTRIAL PARK, LP, | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  1:09-bk-27368-MT |

## ADDITIONAL SERVICE INFORMATION:

### SERVICE VIA NEF:

Katherine Bunker      kate.bunker@usdoj.gov
Joseph Caceres      jec@locs.com, generalbox@locs.com
Sandi M Colabianchi      scolabianchi@gordonrees.com
Charles Shamash      cs@locs.com, generalbox@locs.com
United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

### SERVICE VIA PERSONAL DELIVERY:
The Honorable Maureen A. Tighe, U.S. Bankruptcy Judge
United States Bankruptcy Court
21041 Burbank Blvd., Bin on 1st Floor outside entry to Clerk's Office
Woodland Hills, CA 91367-6606

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**